[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#126)
On May 4, 1998, the plaintiff Bank of New York filed a foreclosure action against the defendants, Frances J. Doria, Don Zappavigna, Trustee of D.D.S.C. Pension Trust, United States of America, Merrill Lynch Credit Corporation, Riccardo Tedesco, Artisans, Inc., Putnam Steel Store, Inc., and O G Industries, Inc.[1] In its complaint, the plaintiff seeks to foreclose the property owned by defendant Frances Doria (hereinafter the defendant) located at 21 Midwood Drive Greenwich Connecticut. As CT Page 14776 a result of the defendant's alleged default on the note, the plaintiff seeks: (1) a foreclosure on the mortgage; (2) immediate possession of the property; (3) a deficiency judgment against the defendant; (4) money damages, costs, and attorney's fees; (5) an ejectment order, and (6) any further relief deemed necessary by the court.
The defendant filed an answer asserting two special defenses. First, the defendant alleges that the plaintiff breached a covenant of good faith and fair dealing by failing to reinstate the defendant's mortgage. Second, the defendant alleges that the plaintiff's foreclosure action is defective because the plaintiff failed to act in accordance with the obligations imposed by the note and mortgage.
On May 17, 1999, the plaintiff filed a motion for summary judgment on the ground that the defendant's special defenses are defective and insufficient as a matter of law. The plaintiff also filed the requisite memorandum of law, affidavits, and deposition transcripts. Asserting that a genuine issue of material fact exists, the defendant filed a memorandum in opposition to the plaintiff's motion for summary judgment as well as affidavits and deposition transcripts. In response, the plaintiff filed a reply memorandum of law along with several exhibits including affidavits. Subsequently, the defendant filed a response to the plaintiff's reply brief with additional affidavits. The plaintiff, then, filed a surreply to the defendant's response memorandum.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The judgment sought shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Hertz Corp. v. Federal Ins. Co.,
CT Page 14777245 Conn. 374, 381, 713 A.2d 820 (1998).
In its motion for summary judgment, the plaintiff alleges that the defendant defaulted on her note and failed to raise any valid defenses. The plaintiff alleges that the defendant failed to pay interest and principal payments due on December 1, 1997 and for several months thereafter. As a result, on February 23, 1998, the plaintiff issued a demand to the defendant to bring the note current. Pursuant to the conditions outlined in the demand letter, the plaintiff alleges that it automatically accelerated the total amount due under the note without further notice after failing to receive a payment on or before March 20, 1998. While the plaintiff accepted a payment on May 1, 1998 for $34,471.65, the plaintiff alleges that the payment was not only late, but also failed to include attorney fees and costs. Furthermore, the plaintiff alleges that the defendant violated provisions of the mortgage by failing to pay property taxes to the town of Greenwich.
Arguing in further support of its motion for summary judgment, the plaintiff alleges that the defendant's two special defenses lack merit. Regarding the defendant's special defense of breach of an implied covenant of good faith and fair dealing; the plaintiff alleges that no evidence of a breach exists because the defendant failed to introduce evidence of bad faith in the making, validity, or enforcement of the note. See SouthbridgeAssociates, LLC v. Garofalo, 53 Conn. App. 11, 17, 728 A.2d 1114, cert. denied, 249 Conn. 919 (1999) (holding breach of implied covenant of good faith must pertain to the making, validity, or enforcement of notes and mortgages). The plaintiff further alleges that the defendant's second defense that the plaintiff failed to act in accordance with the obligations imposed by the mortgage lacks merit because the plaintiff had no obligation to assist the defendant in refinancing her mortgage. Indeed, "a lender has the right to further its own interest in a mortgage transaction and is not under a duty to represent the customer's interest." Southbridge Associates. LLC v. Garofalo, supra,53 Conn. App. 19. Accordingly, under Southbridge Associates, LLC v.Garofalo, supra, 53 Conn. App. 19, the plaintiff is correct in asserting that it had no obligation to assist the defendant in refinancing her mortgage.
In her memorandum in opposition, the defendant asserts that a genuine issue of material fact remains as to whether her husband's payment of $34,471.65 on May 1, 1998 cured the note's CT Page 14778 default. The defendant argues that the May payment cured the default and that the plaintiff improperly continued this foreclosure action against her. Moreover, the defendant argues that curing her default entitled her to receive another notice subsequent to her May payment that the plaintiff intended to foreclose on her property. Furthermore, the defendant argues that the plaintiff's failure to include attorney fees and taxes in its original foreclosure complaint bars it from foreclosing for their nonpayment.
The plaintiffs motion for summary judgment should be denied because a genuine issue of material fact remains concerning whether the defendant cured the default. In their memoranda, both parties submitted conflicting evidence concerning whether the defendant's payment of $34,471.65 satisfied her deficiency to the plaintiff. Construing the facts in a manner most favorable to the defendant, evidence exists that the defendant could have cured her default with the May 1, 1998 payment. Indicating that the defendant had an opportunity to reinstate her note was the plaintiffs letter to the defendant on February 23, 1998, that stated "[y]ou should be aware that you have the right to reinstate the above-referenced loan after acceleration. You also have the right to assert in any court action brought to collect said loan the non-existence of a default or any other defense to acceleration and foreclosure." Additionally, prior to the defendant's payment on May 1, 1998, the plaintiff's attorney, Michael Jones, spoke to the defendant's attorney, Mr. Caldwell, regarding a reinstatement figure for the note.[2] The plaintiff maintains that its attorney told the defendant's attorney that the reinstatement amount was $34,471.65 plus costs and attorney's fees. Although the plaintiff's memorandum contains affidavits that detail how the delinquent payments and attorney's fees exceed the payment of $34,471.65, no conclusive evidence exists that the defendant received oral or written communications concerning the aforementioned figures. Indeed, the defendant alleges that she received a reinstatement figure of $34,471.65 that included costs and attorney's fees.[3]
Curing the default with the $34,471.65 payment in May 1998 would have entitled the defendant to receive another notice of default before the foreclosure. The language of the mortgage document dictates when the mortgagee must issue notices of default and acceleration. See CHFA v. John Fitch Court AssociatesLtd. Partnership, 49 Conn. App. 142, 149, 713 A.2d 900, cert. denied, 247 Conn. 908 (1998); Citicorp Mortgage, Inc. v. Porto,
CT Page 1477941 Conn. App. 598, 602, 677 A.2d 10 (1996). In CHFA v. John FitchCourt Associates Ltd. Partnership, supra, 49 Conn. App. 149, the court held "unambiguous language in both the promissory note and the mortgage deed clearly states the intention of the parties . . . with respect to the issues of notice and acceleration." Id. According to the mortgage document, the plaintiff must give the defendant prior notice of default before accelerating the mortgage.[4] If the defendant cured the default with the $34,471.65 payment, then the plaintiff would have to issue another notice of default.
With regard to the defendant's special defenses, a breach of the implied covenant of good faith and fair dealing must pertain to the making, validity, or enforcement of the note or mortgage. See Southbridge Associates, LLC v. Garofalo, supra,53 Conn. App. 17; Home Savings of America, mortgage in good faith.
Based on the foregoing conclusions, the court denies the plaintiffs motion for summary judgment.
WILLIAM F. HICKEY, J.