[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSE (#109)
The plaintiff, PHH US Mortgage Corporation, filed a complaint on August 9, 1999, seeking foreclosure of a mortgage on premises owned by the defendant Ester A. Roman. The plaintiff alleges that the note and mortgage were executed on or about October 19, 1992, that the plaintiff is the owner and holder of the note and mortgage, and that the note is in default. A copy of the mortgage was submitted attached to the complaint.
The defendant filed an answer and special defense on September 9, 1999. In the answer, the defendant admits that the plaintiff is the owner and holder of the note and mortgage, but denies that the note is in default. The special defense alleges "[t]hat on several dates in July 1999, the Defendant ESTER A. ROMAN, A/K/A ESTER A. ROMAN-HERNANDEZ, tendered monies in the form of bank checks sufficient in amount to cure any alleged default, and thereby reinstate the mortgage in accordance with its terms and notice she received from the plaintiff."
On November 1, 1999, the plaintiff filed a motion to strike the special defense on the grounds that it fails to attack the making, validity, or enforcement of the note and mortgage and that it challenges post-default conduct of the plaintiff. The plaintiff and defendant have filed memoranda of law as required by Practice Book § 10-42.
The function of a motion to strike "is to test the legal CT Page 2063 sufficiency of a pleading." (Internal quotation marks omitted.)RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). "[A] plaintiff can [move to strike] a special defense. . . ." Nowak v. Nowak, 175 Conn. 112,116, 394 A.2d 716 (1978). "Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2,650 A.2d 153 (1994); see also Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989).
The plaintiff moves to strike the special defense on the ground that it fails to attack the making, validity, or enforcement of the note or mortgage and instead challenges post-default conduct of the plaintiff. The defendant responds that because the special defense is based on a right of reinstatement that appears in the mortgage itself, it is a defense attacking the enforcement of the mortgage.
"At common law, the only defenses to an action of [foreclosure] would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien." (Citations omitted.)Petterson v. Weinstock, 106 Conn. 436, 441, 138 A. 433
(1927). "In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident[,] fraud, equitable estoppel, CUTPA, laches[,] breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. . . . These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . . Further, based on the same rationale, the defenses . . . cannot attack some act or procedure of the CT Page 2064 lienholder. . . ." (Internal quotation marks omitted.)Federal National Mortgage v. Mallozzi, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 165698 (February 10, 1999, Hickey, J.). The rule that a defense in a foreclosure action must be limited to the making, validity, or enforcement of the note or mortgage has recently been upheld by the Appellate Court. See SouthbridgeAssociates, LLC v. Garofalo, 53 Conn. App. 11, 15-16,728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999) ("the trial court properly granted the motion for summary judgment on the basis of its conclusion that the defense . . . failed to attack the making, validity or enforcement of the notes and mortgages").
The defendant emphasizes that this court has previously held that a special defense based on a reinstatement clause in the original loan documents attacks the enforcement of the note.Ameriquest Mortgage Co. v. Dunn, Superior Court, judicial district of New London at New London, Docket No. 549002 (June 9, 1999, Martin, J.). In that case, the mortgage contained a clause specifically giving the borrower the right to have enforcement of the mortgage discontinued if certain conditions were met prior to sale of the property or entry of a judgment. Id., n. 1. The defendant in that case alleged by way of special defense that the plaintiff had failed to properly reinstate the mortgage as required by the clause. This court denied the motion to strike the special defense because the defense was based on language in the original loan documents altering the plaintiff's right to foreclose and therefore attacked the enforcement of the mortgage or note.
Here, the defendant argues that paragraph 3 of the mortgage establishes a similar right of reinstatement. In her memorandum of law in opposition to the motion to strike, the defendant quotes paragraph 3 as follows. "`If however, such monthly payments shall not be sufficient to pay such items [principal, interest, etc.] when the same shall become due and payable, then the mortgagor shall pay to the mortgagee as trustee any amount necessary to make up the deficiency within thirty (30) days after written notice from the mortgagee stating the amount of the deficiency. . . .'" The bracketed material was inserted by the defendant and mischaracterizes the meaning of the quoted material. The mortgage submitted with the complaint reads, in relevant part, as follows: CT Page 2065
"Mortgagor, in order more fully to protect the security of this mortgage, does hereby covenant and agree as follows: . . .
"2. Together with and in addition to the monthly payments of principal and interest payable under the terms of the note secured hereby, he will pay to the mortgagee, as trustee (under the terms of this trust as hereinafter stated), on the first day of each month until the said note is fully paid:
"(a) A sum equal to the ground rents, if any, and the taxes and special assessments next due on the premises covered by this mortgage, plus the premiums that will next become due and payable on the policies of fire and other hazard insurance on the premises covered hereby (all as estimated by the mortgagee, and of which the mortgagor is notified) less all sums already paid therefor divided by the number of months to elapse before one month prior to the date when such ground rents, premiums, taxes and assessments will become delinquent, such sums to be held by mortgagee in trust to pay said ground rents, premiums, taxes and special assessments, before the same become delinquent. . . .
"3. If the total of the payments made by the mortgagor under (a) of paragraph 2 preceding shall exceed the amount of payments actually made by the mortgagee as trustee, for ground rents, taxes, or assessments, or insurance premiums, as the case may be, such excess shall be credited on subsequent payments to be made by the mortgagor for such items or, at mortgagee's option, as trustee, shall be refunded to mortgagor. If, however, such monthly payments shall not be sufficient to pay such items when the same shall become due and payable, then the mortgagor shall pay to the mortgagee as trustee, any amount necessary to make up the deficiency within thirty (30) days after written notice from the mortgagee stating the amount of the deficiency, which notice may be given by mail."
The words "such items," therefore, do not refer to principal and interest as stated by the defendant. On the contrary, the words "such items" unambiguously refer to "ground rents, taxes, or assessments, or insurance premiums. . . ." The first two sentences of paragraph 3 establish the procedure by which adjustments may be made in the event that the amount estimated by the plaintiff under paragraph 2(a) exceeds or falls short of the actual amount payed for those items by the plaintiff as trustee. Consequently, the sentence quoted by the defendant establishes the defendant's duty, within thirty days after notice by the CT Page 2066 plaintiff, to make up any deficiency in the amount paid to the plaintiff for those items. It does not establish a right of the defendant to avoid foreclosure by making up a deficiency in payments of principal and interest within thirty days after default.
The mortgage in this case, therefore, contains no provision allowing for reinstatement after default such as the one inAmeriquest Mortgage Co. v. Dunn, supra, Superior Court, Docket No. 549002. Consequently, the special defense alleging tender of payment sufficient to reinstate the mortgage does not attack the making, validity or enforcement of the mortgage. The special defense is therefore legally insufficient and the plaintiff's motion to strike is granted.
Martin, J.