[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE (DOCKET ENTRIES NO. 120 AND 122)
CT Page 9234
Before the court are the plaintiff's motions to strike the counterclaims of the defendants Kellogg and Nichols. The revised complaint alleges the following facts. The plaintiff, Edward S. Rimer, was sued by the defendants, Richard Nichols and Win. Bradley Kellogg. The revised complaint alleges that the defendants commenced the previous action against the plaintiff without probable cause and with malicious intent.
On October 14, 1999, Nichols filed an answer and counterclaim.[1] On October 20, 1999, Kellogg filed an answer and counterclaim. Both counterclaims allege abuse of process. Specifically, the counterclaims allege that the plaintiff's counsel had threatened to sue Nichols and Kellogg for vexatious litigation unless Kellogg withdrew Nochols' lawsuit against the plaintiff (Rimer) and released all claims against him. The counterclaims further allege that when Nichols and Kellogg refused to take the action demanded by the plaintiff, they were named as defendants in the present case. The counterclaims allege that the purpose of the threats and the lawsuit was to damage Kellogg professionally and monetarily, and to force Nichols to expend additional money on legal expenses. The counterclaims also allege that the plaintiff brought the present action in order to gain a tactical advantage in the pending action. Specifically, the counterclaims aver that the plaintiff brought the present action in order to induce Nichols and Kellogg to withdrawNichols v. Rimer, supra.
The plaintiff, in two separate motions (#120 and #122), moves to strike Nichols' and Kellogg's respective counterclaim on the ground that the counterclaims fail to state a claim upon which relief can be granted. Alternatively, the plaintiff moves to strike the counterclaims on the ground that they are not permissible under Practice Book § 10-10. The plaintiff has submitted memoranda of law in support of each of the motions and the defendants each have submitted a memorandum in opposition.
"[A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action. . . . A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." (Citations omitted; internal quotation marks omitted.)Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495, 496,495 A.2d 286 (1985)
The plaintiff argues that neither Nichols' nor Kellogg's counterclaim CT Page 9235 states a cause of action for abuse of process. The defendants respond that the allegations are sufficient to state a cause of action for abuse of process because the plaintiff's motivation in bringing the present lawsuit was in an effort to gain a favorable result in the previous proceeding, Nichols v. Rimer, supra.
"An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed. . . . Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, § 682, emphasizes that the gravamen of the action for abuse of process is the use of a legal process . . . against another primarily to accomplish a purpose for which it is not designed. . . ." (Emphasis added.) Comment b to 682 explains that the addition of primarily' is meant to exclude liability when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant." See also 1 F. Harper, F. James 0. Gray, Torts (2d Ed. 1986) 4.9; R. Mallen V. Levit, Legal Malpractice (2d Ed. 1981) 61; W. Prosser W. Keeton, Torts (5th Ed. 1984) 121." (Citations omitted; internal quotation marks omitted.) Mozzochi v. Beck,204 Conn. 490, 494, H 529 A.2d 171 (1987)
As a threshold matter, the court notes that Nichols and Kellogg have brought counterclaims in accordance with the rules of practice. Practice Book § 10-10 provides that "tim any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff and cross claims against any codefendant provided that each such counterclaim and cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. . . ."
"The transaction test [of § 10-101 is one of practicality, and the trial court's determination as to whether that test has been met ought not be disturbed except for an abuse of discretion." (Internal quotation marks omitted.) Southbridge Associates, LLC v. Garofalo, 53 Conn. App. 11,21, 728 A.2d 1114 (1999). Here, the counterclaims asserted by Nichols and Kellogg are closely related to the transaction that is the subject of the plaintiff's complaint, i.e., whether an abuse of process occurred based dn the parties previous dealings with each other. Accordingly, the plaintiff's motion to strike based on the ground that Nichols and Kellogg have brought impermissible counterclaims is denied.
The court further concludes that the facts alleged in the counterclaims are sufficient to sustain an action for abuse of process. The counterclaims allege, inter alia, that the plaintiff brought the present action solely to gain a tactical advantage in another pending civil CT Page 9236 action, Nichols v. Rimer, supra, Superior Court, Docket No. 0354651, and to inflict financial and professional harm upon Nichols and Kellogg. These allegations are sufficient because they allege that the plaintiff brought the present case in order to gain leverage in a collateral matter, i.e., to force a withdrawal of another case. This is not related to the purpose for which the present litigation was designed.
Accordingly, the plaintiff's motions to strike Nichols' and Kellogg's counterclaims, #120 and #122, are denied.
SKOLNICK, J.