SOUTHBRIDGE ASSOCIATES, LLC *v.* ALBERT A.
GAROFALO ET AL.
(AC 18248)

Lavery, Spear and Kulawiz, Js.

Argued November 6, 1998—officially released April 27, 1999

*James T. Shearin*, with whom was *Aimee J. Wood*, for the appellants (named defendant et al.).

*Theodore J. Whitehead*, with whom was *Thomas D. Goldberg*, for the appellee (plaintiff).

*Opinion*

KULAWIZ, J. The defendants Albert A. Garofalo and Pequot Motor Inn, Inc. (Pequot), appeal from the judgment rendered in favor of the plaintiff following that court's granting of the plaintiff's motion for summary judgment.[1] The defendants claim that the trial court

---

[1] We refer in this opinion to Garofalo and Pequot as the defendants. Pequot, a corporation wholly owned by Garofalo, guaranteed the notes at issue in this appeal.

improperly (1) granted the plaintiff's motion for summary judgment, (2) denied the defendants' motion for an order of compliance with discovery requests and (3) granted the plaintiff's motion for a judgment of foreclosure. We affirm the judgment of the trial court.

On July 18, 1986, Garofalo borrowed $3,000,000 from Connecticut Bank and Trust (CBT) pursuant to a note and secured by a mortgage to CBT. On October 2, 1990, Garofalo borrowed an additional $300,000 from CBT pursuant to a note and secured by a mortgage to CBT. Garofalo used the funds to purchase the Bridgeport Motor Inn in Fairfield and a residential lot in Fairfield and to make improvements to the Pequot Motor Inn in Southport. CBT subsequently assigned the notes and mortgages to Fleet National Bank (Fleet).

In late 1995, Garofalo, an eighty-seven year old attorney licensed to practice in Connecticut, was admitted to a nursing home. Thereafter, beginning in November, 1995, he defaulted on the notes, making no payments until March, 1996, when Fleet accelerated the notes and demanded full payment of the outstanding balances.

Following acceleration, Fleet assigned the notes and mortgages to the plaintiff. Garofalo offered to purchase the notes from Fleet at a price that he claimed was higher than the amount that the plaintiff had paid. On November 21, 1996, the plaintiff brought an action seeking a foreclosure against the defendants. The defendants filed an answer and special defenses. The trial court subsequently granted the plaintiff's motion for summary judgment as to liability and then rendered judgment of foreclosure by sale. This appeal followed.

I

The defendants first claim that the trial court improperly granted summary judgment. Specifically, the defendants contend that summary judgment was improper

because there were genuine issues of material fact as to whether (1) a fiduciary relationship existed between Garofalo and the plaintiff's predecessors in interest, CBT and Fleet, (2) CBT and Fleet breached an implied covenant of good faith and fair dealing, (3) the plaintiff is barred by waiver and estoppel from recovering in excess of what it paid for the notes and (4) the defendants' counterclaims were proper. We disagree.

Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A material fact is one that would alter the outcome of the case. *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578, 573 A.2d 699 (1990); *Budris* v. *Allstate Ins. Co.*, 44 Conn. App. 53, 56, 686 A.2d 533 (1996). The trial court, in deciding a motion for summary judgment, must view the evidence in a light most favorable to the nonmoving party. *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 111, 491 A.2d 368 (1985). "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) *Connell* v. *Colwell*, 214 Conn. 242, 247, 571 A.2d 116 (1990). The party seeking summary judgment has the burden of presenting evidence showing the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law, and the party opposing the motion must provide an evidentiary foundation to demonstrate that a genuine issue over a material fact actually exists. *Bruttomesso* v. *Northeastern Connecticut Sexual Assault Crisis Services, Inc.*, 242 Conn. 1, 5–6, 698 A.2d 795 (1997).

Additional facts are necessary to our resolution of this claim. The plaintiff filed a motion for summary judgment claiming that it was entitled to judgment as a matter of law on all counts of the complaint because

Garofalo defaulted on the note, and his defenses, counterclaims and setoffs would not defeat the plaintiff's claims. The defendants, in their "third special defense and counterclaim and set-off one" claimed that Fleet breached an implied covenant of good faith and fair dealing by selling the notes to the plaintiff for an "amount less than that which the Defendant Garofalo was willing to pay." The trial court, nonetheless, granted the motion for summary judgment because Garofalo admitted that he defaulted on the notes and his defenses failed to "attack the making, validity, or enforcement of the note or mortgage." We conclude that the trial court properly rendered summary judgment.

"Because a mortgage foreclosure action is an equitable proceeding, the trial court may consider all relevant circumstances to ensure that complete justice is done." *Reynolds* v. *Ramos*, 188 Conn. 316, 320, 449 A.2d 182 (1982). "The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." *Kakalik* v. *Bernardo*, 184 Conn. 386, 395, 439 A.2d 1016 (1981); *Federal Deposit Ins. Corp.* v. *Bombero*, 37 Conn. App. 764, 773, 657 A.2d 668 (1995), appeal dismissed, 236 Conn. 744, 674 A.2d 1324 (1996). Where the plaintiff's conduct is inequitable, a court may withhold foreclosure on equitable considerations and principles. *Hamm* v. *Taylor*, 180 Conn. 491, 497, 429 A.2d 946 (1980).

"At common law, the only defenses to an action of this character would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien." (Citation omitted.) *Petterson* v. *Weinstock*, 106 Conn. 436, 441, 138 A. 433 (1927). Moreover, our courts have permitted several equitable defenses to a foreclosure action. "[I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had . . . ." (Citations omitted.) Id., 442. Other equitable defenses

that our Supreme Court has recognized in foreclosure actions include unconscionability; *Hamm* v. *Taylor,* supra, 180 Conn. 494–96; abandonment of security; *Glotzer* v. *Keyes,* 125 Conn. 227, 233, 5 A.2d 1 (1939); and usury. *Atlas Realty Corp.* v. *House,* 120 Conn. 661, 669–70, 83 A. 9 (1936), overruled in part on other grounds, *Ferrigno* v. *Cromwell Development Associates,* 244 Conn. 189, 202, 708 A.2d 1371 (1998).

## A

The trial court granted the plaintiff's motion for summary judgment because Garofalo defaulted on the note and because the defendants' "third special defense, counterclaim and set-off one did not challenge the making, validity or enforcement of the notes and mortgages." The defendants argue, however, that the trial court improperly failed to exercise its equitable powers to deny summary judgment. We disagree.

After examining the facts in a light most favorable to the defendants, the trial court concluded that the special defense of breach of the implied covenant of good faith and fair dealing did not attack the making, validity or enforcement of the note and mortgage and thus raised no genuine issue of material fact that would warrant a trial.

The implied covenant of good faith and fair dealing requires faithfulness to an agreed common purpose and consistency with the justified expectation of the other party in the performance of every contract. *Magnan* v. *Anaconda Industries, Inc.*, 193 Conn. 558, 566, 479 A.2d 781 (1984). "Essentially, it is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy." Id., 567.

After a careful review of the record, we conclude that the trial court properly granted the motion for summary judgment as to the special defense of breach of the implied covenant of good faith and fair dealing. The loan documents do not contain a provision requiring a holder of the notes and mortgages to negotiate with or sell the notes to Garofalo prior to enforcing its foreclosure rights. Moreover, the defendants do not cite nor can we find any authority requiring a holder of a note and mortgage to sell them at a discount to the mortgagor under an implied covenant of good faith and fair dealing when the mortgagor defaults. Indeed, if Garofalo offered to purchase, this occurred well after the loan documents were executed and was therefore irrelevant to the propriety of the notes. Accordingly, the trial court properly granted the motion for summary judgment on the basis of its conclusion that the defense of breach of implied covenant failed to attack the making, validity or enforcement of the notes and mortgages.

B

The defendants, in their "fourth special defense, counterclaim and set-off two," argue that the trial court improperly granted the motion for summary judgment because there were genuine issues of material fact as to whether the plaintiff and its predecessors in interest breached their fiduciary duties to Garofalo. Specifically, the defendants claim that a fiduciary relationship was breached when Fleet assigned the notes and mortgages to the plaintiff because CBT and Fleet "were committed to being [Garofalo's] partner in his business dealings." The trial court, however, granted summary judgment because (1) the defendants failed to allege facts sufficient to establish a fiduciary relationship and (2) even if the defendants alleged these facts, the breach of that fiduciary relationship did not relate to the making, validity or enforcement of the notes and mortgages.

Connecticut courts have "specifically refused to define a fiduciary relationship in precise detail and in such a manner as to exclude new situations . . . ." (Internal quotation marks omitted.) *Alaimo* v. *Royer*, 188 Conn. 36, 41, 448 A.2d 207 (1982). Instead, a fiduciary relationship exists where "there is a justifiable trust confided on one side and a resulting superiority and influence on the other." Id.

A fiduciary relationship is characterized "by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." *Dunham* v. *Dunham*, 204 Conn. 303, 322, 528 A.2d 1123 (1987), overruled in part on other grounds, *Santopietro* v. *New Haven*, 239 Conn. 207, 213 n.8, 682 A.2d 106 (1996). "The superior position of the fiduciary or dominant party affords him great opportunity for abuse of the confidence reposed in him." *Dunham* v. *Dunham*, supra, 322. A bank, as a mortgagee lender, may be the fiduciary of the mortgagor borrower when the bank becomes the borrower's financial advisor. *Stone* v. *Davis*, 66 Ohio St. 2d 74, 78–80, 419 N.E.2d 1094, cert. denied sub nom. *Cardinal Federal Savings & Loan Assn.* v. *Davis*, 454 U.S. 1081, 102 S. Ct. 634, 70 L. Ed. 2d 614 (1981). No such allegation was made in the present case.

Again, we cannot conclude after reviewing the record that the trial court improperly granted the plaintiff's motion for summary judgment. The defendants claim that they asserted sufficient facts to indicate that the plaintiff or the plaintiff's predecessors may have held a fiduciary relationship with Garofalo. We disagree.

Garofalo, in his deposition, attested that throughout the 1980s and 1990s, "I had continuous and extensive financial dealings with CBT. In those dealings, various officers and representatives of Fleet Bank, f/k/a CBT, continuously assured me of their good intentions and

advised me how they appreciated our banking relationship." The trial court properly concluded that the defendants failed to establish that anything more than an ordinary debtor-creditor relationship existed between Garofalo and the plaintiff or its predecessors. Neither the plaintiff nor its predecessors acted as Garofalo's financial advisor or gained his confidence. Moreover, the defendants failed to offer any evidence that the plaintiff or its predecessors intended to act with Garofalo's interests in mind. A lender has the right to further its own interest in a mortgage transaction and is not under a duty to represent the customer's interest. *Cooper* v. *Burby*, Superior Court, judicial district of Hartford-New Britain, Docket No. 387563 (April 29, 1992). Generally there exists no fiduciary relationship merely by virtue of a borrower-lender relationship between a bank and its customer. *North Central Kansas Production Credit Assn.* v. *Hansen*, 240 Kan. 671, 674–75, 732 P.2d 726 (1987); see *Simmons* v. *Jenkins*, 230 Mont. 429, 433–34, 750 P.2d 1067 (1988); see also *First National Bank & Trust Co. of Williston* v. *Brakken*, 468 N.W.2d 633, 637 (N.D. 1991).

Finally, the trial court properly concluded that even if a defense of a fiduciary relationship did exist, summary judgment was proper because the defense did not relate to the making, validity or enforcement of the notes and mortgages. Any fiduciary relationship claimed by the defendants would relate to the relationship between CBT or Fleet, not the plaintiff, and Garofalo. The plaintiff merely purchased the notes and mortgages after they were executed; the plaintiff was not in any way involved in executing the documents.

C

The defendants also claim that there were genuine issues of material fact about whether the plaintiff was barred under the doctrines of waiver and estoppel from recovering in excess of what it paid for the notes. Specifically, the defendants claim that the mortgage "should

only be enforced, if at all, in the amount which plaintiff paid for the mortgage, since plaintiff's conduct in taking the mortgage with knowledge of, and subject to, [the defendants'] defenses, constitutes an implied waiver or estoppel of the right to enforce the mortgages in any greater amount. Further, plaintiff took the mortgage subject to the claim that plaintiff's predecessors are estopped from enforcing the mortgage as a result of their contrary conduct in not protecting [Garofalo's] interests." The defendants' arguments are meritless.

"Under our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." (Internal quotation marks omitted.) *Eis* v. *Meyer*, 213 Conn. 29, 34, 566 A.2d 422 (1989); *Middlesex Mutual Assurance Co.* v. *Walsh*, 218 Conn. 681, 699, 590 A.2d 957 (1991). Here, the defendants fail to offer evidence of either element of estoppel. Therefore, the trial court properly granted summary judgment.

Finally, the defendants do not provide any evidence that the plaintiff waived any of its rights. "Waiver is the intentional abandonment of a known right. . . . Waiver is the voluntary relinquishment of a known right. It involves the idea of assent, and assent is an act of understanding. . . . Intention to relinquish must appear, but acts and conduct inconsistent with intention to [relinquish] . . . are sufficient." (Citations omitted; internal quotation marks omitted.) *Soares* v. *Max Services, Inc.*, 42 Conn. App. 147, 175, 679 A.2d 37, cert. denied, 239 Conn. 915, 682 A.2d 1005 (1996). Because the defendants failed to offer evidence that the plaintiff voluntarily relinquished a known right, the defendants' claim of waiver is without merit.

## D

The defendants, in conjunction with their special defenses, raised two counterclaims, arguing that they are entitled to damages for the plaintiff's (1) violation of the implied covenant of good faith and fair dealing and (2) breach of fiduciary duty. Practice Book § 10-10 provides that "[i]n any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff and cross claims against any codefendant provided that each such counterclaim and cross claim *arises out of the transaction or one of the transactions* which is the subject of the plaintiff's complaint . . . ." (Emphasis added.)

"The transaction test [of § 10-10] is one of practicality, and the trial court's determination as to whether that test has been met ought not be disturbed except for an abuse of discretion." (Internal quotation marks omitted.) *Wallingford* v. *Glen Valley Associates, Inc.*, 190 Conn. 158, 161, 459 A.2d 525 (1983). Here, the defendants' counterclaims clearly do not arise out of the transactions that are the subject of the plaintiff's complaint. Accordingly, the trial court did not abuse its discretion by rendering summary judgment for the plaintiff on the defendants' counterclaims.

## II

The defendants' second claim is that the trial court improperly denied their motion for an order of compliance with discovery requests. Specifically, the defendants claim that the trial court abused its discretion by denying their motion for compliance because the discovery sought was relevant and material to the action and therefore should have been ordered by the court. We disagree.

Additional facts are necessary to our resolution of this claim. The defendants filed a motion for an order

requesting the court to compel the plaintiff's compliance with the defendants' previous discovery requests.[2] The trial court denied the defendants' motion for an order, concluding that the plaintiff sufficiently complied with all of the defendants' requests.

"The granting or denial of a discovery request rests in the sound discretion of the court." *Standard Tallow Corp.* v. *Jowdy,* 190 Conn. 48, 57, 457 A.2d 503 (1983). In our review of the trial court's exercise of its discretion, we make "every reasonable presumption . . . in favor of the correctness of its ruling." *Reynolds* v. *Ramos,* supra, 188 Conn. 320–21.

After a careful review of the record, we cannot conclude that the trial court abused its discretion by denying the defendants' motion for an order of compliance. The trial court properly concluded that the plaintiff sufficiently complied with the defendants' discovery requests.

Our conclusions on the defendants' first and second claims are dispositive of the defendants' third claim

---

[2] The defendants sought access to the following documents: (1) "All documents concerning a Loan, Sale and Assignment Agreement dated August 26, 1996 and a Bill of Sale dated September 23, 1996 and an Assignment of Security Agreement dated October 10, 1996 as these documents are identified in Paragraph 8 of the Complaint and constitute the basis by which Fleet Bank allegedly sold, assigned, transferred and conveyed all of its right, title and interest in, to and under the Loan Documents which are the subject of this action," (2) "All documents exchanged by and between Fleet Bank and Plaintiff concerning the performance or status of the loans which are the subject of this action," (3) "All documents concerning any discussions held by and between Defendants Garofalo or Pequot Motor Inn, Inc. With Fleet Bank or its predecessors–in–interest, Connecticut Bank and Trust company and concerning the loans which hare the subject of this action," (4) "All documents concerning any and all Loan relationships by and between Defendants Garofalo and Pequot Motor Inn, Inc. with Fleet Bank and/or Connecticut Bank and Trust Company, N.A." and (5) "All documents concerning Kennedy Funding Inc. as they relate in any way to the loan documents which are the subject of this action or to that certain Loan and Security Agreement dated as of October 3, 1996."

wherein they assert that the foreclosure judgment is improper because it is based on an improper summary judgment and improper denial of discovery requests.

The judgment is affirmed.

In this opinion the other judges concurred.