[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff moves to strike the defendant's first and second special defenses, as well as counts five through seven of the defendant's counterclaims and counts five through seven of the third party complaint.[1]
The first amended special defense asserts that the plaintiff has no authority to foreclose on the note and mortgage because it is not the true owner of the note and mortgage. The plaintiff CT Page 9331 moves to strike the first special defense on the grounds that (1) it is insufficient as a matter of law in that it fails to attack the making, validity or enforcement of the note and mortgage, and (2) the ownership of loan documents is addressable by a motion to dismiss, not by way of a special defense.
"At common law, the only defenses to an action of [foreclosure] . . . would have been payment, discharge, release or satisfaction . . . or if there had never been a valid lien."Southbridge Associates, LLC v. Garofalo, 53 Conn. App. 11, 15, ___ A.2d ___ (1999). As this court has recognized, various other equitable defenses have also been acknowledged. See EmpireMortgage v. Sinotte, Superior Court, judicial district of Waterbury, Docket No. 130113 (June 15, 1998, West, J.) (the equitable defenses of mistake, fraud, accident, equitable estoppel, CUTPA, laches, and breach of the implied covenant of good faith and fair dealing will be permitted if they relate to the making, validity or enforcement of the note or mortgage); see also Knutson Mortgage Corp. v. Williams, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334486 (September 26, 1997, West, J.).
Recently, two cases have addressed the special defense of lack of ownership in foreclosure actions. In Federal Home LoanMortgage v. Markovich, Superior Court, judicial district of Hartford at Hartford, Docket No. 579585 (December 16, 1998,Satter, Judge Trial Referee), the court determined that a special defense which alleges that the plaintiff does not own the note and mortgage "implicates a court's subject matter jurisdiction." (Internal quotation marks omitted.) Id. "Once the question of lack of jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding with the case." (Internal quotation marks omitted.) Id. The court decided that prior to resolving the pending motion to strike, it must hold a hearing to dispose of the issue of standing. "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which opportunity is provided to present evidence and to cross-examine adverse witnesses." (Internal quotation marks omitted.) Id. A different decision was reached in Citicorp Mortgage v. Ribera, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 067722 (September 21, 1995, Pickett, J.). In that case the defendant alleged in his first special defense that the plaintiff was not the owner of the mortgage. The court held that CT Page 9332 "[t]his not a valid special defense to this foreclosure action because it is not one of the judicially recognized defenses to foreclosure. It alleges neither payment, discharge, satisfaction, release or lack of a valid lien; therefore, it fails to show that the plaintiff has no cause of action. In fact, this special defense in no way addresses the substance of the plaintiff's complaint but rather the plaintiff's status as a holder of the subject note and mortgage and its capacity to sue." Id. The defendant also claimed in his first special defense that the plaintiff was not capable of bringing an action on the mortgage. The court determined that this too was an invalid special defense for the reasons discussed as to count one, but noted that it "raises the issue of standing. This is not properly raised by a special defense but rather by a motion to dismiss as it raises a jurisdictional issue." Id.
However, "Standing focuses on whether the party initiating the action is the proper party to request adjudication of these issues. . . . In general, a party does not have standing to raise rights belonging to another. . . ." (Citations omitted.)Stamford Hospital v. Vega, 236 Conn. 646, 657, 674 A.2d 821
(1996). "[A] plaintiff must have standing for the court to have jurisdiction." (Internal quotation marks omitted.) CommunityCollaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 552,698 A.2d 245 (1997) and "[o]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding with the case. . . ." (Internal quotation marks omitted.) Id. In this case, the defendant Meyer has attached two exhibits which purport to show that the note and mortgage once belonging to the plaintiff have since been assigned, sold or transferred. The plaintiff, however, alleges in its complaint that it is the owner and holder of the note and mortgage. Consequently, the court must hold a hearing to determine who is the current holder of the note and mortgage, prior to ruling on the plaintiff's motion to strike.
The second amended special defense alleges that the plaintiff is in breach of contract in that it attempted to retain settlement proceeds received from an insurance company for vandalism done to the mortgaged property, rather than repair the property in violation of section five of the mortgage. The plaintiff moves to strike this special defense on the ground that it is insufficient as a matter of law in that it fails to attack the making, validity or enforcement of the note and mortgage. CT Page 9333 Several trial courts have analyzed the permissibility of foreclosure defenses. "Although some foreclosure proceedings rely on the equitable nature of the proceeding as grounds for allowing some counterclaims and defenses not recognized at common law, . . . this trend must have a boundary. An analysis of those cases recognizing equitable defenses and counterclaims suggests that they are proper only when they . . . attack the note itself, rather than some act or procedure by the mortgag[ee]." ShorelineBank Trust v. Leninski, Superior Court, judicial district of New Haven at New Haven, Docket No. 335561 (March 19, 1993,Celotto, J.); see also National Mortgage Co. v. McMahon, Superior Court, judicial district of New Haven at New Haven. Docket No. 349246 (February 18, 1994, Celotto, J.) (9 C.S.C.R. 300).
In Federal National Mortgage v. Mallozzi, supra, Superior Court, Docket No. 165698, the court determined that "[t]he Superior Court has found that defenses dealing with the conduct of the lender after execution of the mortgage may not be asserted in a foreclosure action as a defense, and such assertions do not deal with the making, validity or enforcement of the note." Id. See also Home Savings of America v. Newkirk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150962 (January 5, 1998, Hickey, J.) (special defenses alleging improper acts by the lender during the course of the lending relationship, such as failure to recalculate payment, failure to provide an accounting, improperly assessing late fees and obtaining insurance coverage with excessive premiums, are improper in a foreclosure proceeding, as the actions do not deal with the making, validity or enforcement of the note or mortgage); City of Milford v. Andresakis, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 047124 (December 1, 1997, Corrigan, J.) (special defense alleging that the plaintiff committed fraud by agreeing to do work on the defendant's property which it did not do, was insufficient because this defense attacks the conduct of the plaintiff and sets forth a contract claim outside the subject matter of the foreclosure action); First Federal Bank, F.S.B. v. Zavatsky, Superior Court, judicial district of Danbury at Danbury, Docket No. 308950 (September 24, 1993, Moraghan, J.) (plaintiff's refusal to dispense funds so that the defendant could avoid foreclosure was an improper special defense, as such actions do not concern the making, validity or enforcement of the mortgage).
In this case, the defendant is alleging breach of contract based on alleged actions of the plaintiff after the execution of CT Page 9334 the note and mortgage. In as much as this alleged breach of contract does not involve the making, validity or enforcement of the mortgage, it is an invalid defense. As such, if PNC is the proper plaintiff, its motion to strike the defendant's second special defense will be granted.
 Count Five of the Counterclaim[2]
Count five of the counterclaim alleges that the plaintiff is in breach of contract in that it attempted to retain settlement proceeds it received from an insurance company for vandalism done to the mortgaged property, rather than repairing the property, in violation of section five of the mortgage. The plaintiff moves to strike this count on the ground that it is insufficient as a matter of law in that it does not arise out of the same transaction as the complaint, and does not attack the making, validity or enforcement of the note and mortgage. "In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff and cross claims against any co-defendant provided that each such counterclaim and cross claim arises out of the transaction or transactions which is the subject of the plaintiff's complaint. . . ." Practice Book § 10-10. As this court has previously noted, "[i]n a foreclosure action, the transaction at issue is the execution of the note and mortgage and the subsequent default." Knutson Mortgage Corp. v.Williams, supra, Superior Court, Docket No. 334486. As such, all counterclaims and cross claims must arise from or relate to the foreclosure action.
In foreclosure actions, "counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) Home Savings of America v. Newkirk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150962 (January 5, 1998, Hickey, J.); GreatWestern Bank v. McNulty, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 139799 (March 16, 1995,D'Andrea, J.). "Courts have not been receptive to foreclosure defendants who have asserted . . . counterclaims based on factors outside of the note and mortgage." (Internal quotation marks omitted.) Id.
Should the court after hearing determine that PNC is the CT Page 9335 proper plaintiff, the defendant's breach of contract claims will be stricken as they are outside the scope of this foreclosure action. (See the discussion of the second special defense.)
 Count Six of the Counterclaim
Count six of the counterclaim alleges that the plaintiff breached the implied covenant of good faith and fair dealing, in violating section five of the mortgage. The plaintiff moves to strike this count on the ground that it is insufficient as a matter of law in that it fails to attack the making, validity or enforcement of the note and mortgage. As stated previously, since the defendant's alleged breach of contract does not involve the making, validity or enforcement of the mortgage, it is an invalid defense. Thus, if the plaintiff's motion to strike the defendant's second defense is granted then it follows that the counts alleging a breach of the implied covenant of good faith and fair dealing in connection with the alleged breach of contract should be stricken as well, as they rely on the same set of facts underlying the breach of contract claim.
There is no question that "[e]very contract carries an implied covenant of good faith and fair dealing. . . ." (Internal quotation marks omitted.) Gupta v. New Britain General Hospital,239 Conn. 574, 598, 687 A.2d 111 (1996). As this court has previously determined, an allegation that the implied covenant of good faith and fair dealing has been breached is a valid challenge to a foreclosure action as long as it arises from the same transaction as the pending foreclosure proceeding. EmpireMortgage v. Sinotte, supra, Superior Court, Docket No. 130113;Knutson Mortgage Corp. v. Williams, supra, Superior Court, Docket No. 334486. Because it has been determined that the breach of contract claim does not arise from the same transaction as the foreclosure proceeding, it follows that an implied breach of the covenant of good faith and fair dealing in connection with that same contract is unrelated to the foreclosure proceeding as well. Thus, the motion to strike count six of the counterclaim and count six of the third party complaint will be granted if PNC is the proper plaintiff.
 Count Seven of the Counterclaim
Count seven of the counterclaim alleges that the plaintiff engaged in unfair and deceptive trade practices, in violation of General Statutes § 42-110a et seq. (CUTPA). The plaintiff moves CT Page 9336 to strike count seven on the ground that it is insufficient as a matter of law in that it fails to attack the making, validity or enforcement of the note and mortgage. As this court and other judges of the Superior Court have recognized, alleged violations of CUTPA are valid counterclaims and cross claims if they arise from the same transaction as the plaintiff's complaint. See, e.g., Empire Mortgage v. Sinotte, supra, Superior Court, Docket No. 130113. Because it has been determined that the alleged breach of contract claim is invalid as it does not arise from the same transaction as the foreclosure action, it follows that an alleged CUTPA violation arising from the same facts as alleged in the breach of contract claim is also beyond the scope of the foreclosure action. As such, the plaintiff's motion to strike count seven of the counterclaim and count seven of the third party complaint will be granted if it is determined after hearing that PNC is the proper plaintiff.
It is hereby ordered that a hearing be held on the jurisdictional issue of standing on Monday, August 23, 1999, at 10:00 a.m. at Waterbury Superior Court, 300 Grand St. in Waterbury, Connecticut.
THOMAS G. WEST, J.