[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#106)
The plaintiff, Dovenmuehle a mortgage company, seeks to foreclose John M. Brucoli as maker, on a note in the principle sum of $55,000.00. Said note contains a default provision giving the holder the option to declare "the whole of said note immediately due and payable." In the complaint, plaintiff alleges that the defendant first defaulted on the note as of March 1, 1999 and further alleges that the defendant has not made any of the subsequent monthly payments of principle and interest.
The defendant filed an answer and special defenses on September 24, 1999. The first special defense asserts that "the defendant is not in default, and has been making payments." The second special defense asserts that "the plaintiff failed to state a claim upon which relief can be granted." CT Page 1891
The plaintiff filed a motion to strike the defendant's special defenses along with a supporting memorandum of law. The plaintiff moves to strike on the grounds that "(1) the special defenses plead no facts and assert legal conclusions; and (2) the second special defense is not a recognized defense to a mortgage foreclosure action in that it fails to attack the making validity or enforcement of the note and mortgage."
In the present case, the defendant's first special defense asserts payment. Payment is a traditional defense to foreclosure. See, example Southbridge Associates, LLC v. Garofalo,53 Conn. App. 15-16. Therefore, viewing the special defense in a light most favorable to sustaining its legal sufficiency, the motion to strike this defense is denied.
The defendant's second special defense asserts that "the plaintiff has failed to state a claim upon which relief can be granted." This assertion is not a recognized defense to a foreclosure action. See, for example Federal National Mortgage v.Mallozzi, Superior Court, Docket No. 0165698 Judicial District of Stamford/Norwalk, (February 10, 1999, Hickey, J.). Moreover, this assertion is raised inappropriately and the defendant's special defense as it should be raised as a motion to strike. See, example Peter-Michael Inc., v. Sea Shell Associates,244 Conn. 270.
Accordingly, the plaintiff's motion to strike the defendant's second special defense is granted.
Rodriguez, J.