[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiff, People's Bank, filed a foreclosure complaint on November 30, 1999, against the defendants, I.M. Estrada Company, Setter Systems, Inc., William J. Horty and Illiad M. Estrada. On December 29, 1999, the defendants filed a disclosure of defenses, alleging only a lack of adequate notice of default. On March 16, 2000, the defendants filed their answer and special defense of lack of notice. On March 16, 2000, the plaintiff moved for judgment of foreclosure of sale. Presently before the court is a motion for partial summary judgment filed by the plaintiff on April 14, 2000, regarding the issue of liability.
The following facts are undisputed. The defendants executed and delivered a restructuring and settlement agreement, dated April 28, 1999, to the plaintiff that provided for restructuring of indebtedness owed. As part of the restructuring agreement, the defendants executed and delivered an amended and restated commercial note dated April 28, 1999. In order to secure the obligations of the note, a mortgage was executed in favor of the plaintiff, dated April 28, 1999. Neither the note nor the mortgage required notice to be given to the defendants. The defendants failed to make certain payments due to the plaintiff. Notice was sent to the defendants alerting them that payments due had not been made and that if no payments were forthcoming, foreclosure would result.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter. . . .The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v. St.Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753 (2000). "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . .It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for CT Page 693 summary judgment]." (Internal quotation marks omitted.) Maffucci v. RoyalPark Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1998).
The plaintiff moves for partial summary judgment and argues: (1) it is undisputed that the defendants are in default and as a result it is entitled to foreclose, and (2) the special defense asserted by the defendants, lack of notice, is without merit because (a) the defendants waived notice and (b) notice in fact was given. In their memorandum in objection to the motion for summary judgment, the defendants raise two issues: (1) the Practice Book does not authorize partial summary judgments in foreclosure actions, and (2) the plaintiff has not presented properly certified or sworn copies of material documents.
The plaintiff's first argument is that there are no disputed facts concerning the default. The plaintiff submitted a supporting affidavit and documentation with its motion for summary judgment in order to sustain its burden and show that the defendants did not make payments that were due. Heyman Associates No. 1 v. Ins. Co. of Pennsylvania,231 Conn. 756, 796, 653 A.2d 122 (1995). The affidavit and attached documents clearly establish that the defendants in fact are in default. The defendants failed to file any affidavit or documentary evidence disputing that they are in default. Therefore, the court finds that the material fact of the defendants' default is undisputed.
The plaintiff's second argument, regarding the special defense of lack of notice, has two prongs. The first prong is that the defendants waived notice. In the note, submitted by the plaintiff as Exhibit B to the affidavit of James McGuire, dated April 12, 2000 (McGuire Affidavit), the waiver of notice of default is clear.[1] The mortgage also provides for waiver of notice of default and defers to the terms of the note to determine the requirements necessary to be given to a defaulting borrower.[2] (McGuire Affidavit, Exhibit C.) Both documents clearly waive the defendants' right to notice. Furthermore, the defendants do not challenge by way of affidavit or other evidence the plaintiff's assertion that waiver of notice was given.
In addition, the second prong of the plaintiff's argument renders the point moot. Notice was in fact given to the defendants via a demand letter dated August 12, 1999. (McGuire Affidavit, Exhibit D.) The letter stated that (a) the defendants were in default under the note, mortgage and restructuring agreement, (b) past due payments and any other arrearage then existing under the note, mortgage and restructuring agreement were to be paid to the plaintiff by August 23, 1999, and (c) absent payment in full of all past due amounts and all other amounts due under the loan payments by 5:00 p.m. on August 23, 1999, the plaintiff intended to declare the entire principal due and payable and exercise any and all CT Page 694 rights, remedies and recourse available. The defendants submit no evidence disputing the fact that this notice of default was given to them via this letter. Therefore, the court finds that there is no dispute of fact regarding the issue of notice that would provide a viable defense to foreclosure.
The defendants propose two contrary arguments. The defendants' first argument that the Practice Book does not authorize partial summary judgments in foreclosure actions is without merit. In SouthbridgeAssociates, LLC v. Garofalo, 53 Conn. App. 11, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999), the Appellate Court affirmed the trial court's judgment, which was rendered after the trial court followed the procedure of granting summary judgment to the plaintiff on the issue of liability, and thereafter, subsequent to a trial to the court, rendering judgment of foreclosure by sale. Id., 13 (affirmingSouthbridge Associates, LLC v. Garofalo, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 339031 (October 7, 1997,West, J.). In addition, the Superior Court routinely decides motions for partial summary judgment in foreclosure actions. G.E. Capital MortageServices, Inc. v. Geri, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 65350 (July 20, 1999, Curran,J.); Shawmut Bank Connecticut. N.A. v. Stonington Vineyards, Inc., Superior Court, judicial district of New London at New London, Docket No. 527414 (February 1, 1994, Leuba, J.); Bank of Boston Connecticut v.Southbury Hotel Associates, Superior Court, judicial district of Waterbury, Docket No. 111813 (July 18, 1994, Pellegrino, J.); HowardSavings Bank v. Red Brook Realty Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 282548 (August 26, 1992, Lewis,J.). The defendants cite only one case to the contrary and this court is not persuaded in light of the heavy weight of decisions to the contrary.Napoli v. Forte, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 62094 (December 24. 1998, Flynn, J.) (23 Conn.L.Rptr. 545).
The defendants' second argument that the plaintiff has not presented properly certified or sworn copies of material documents is also without merit. Practice Book § 17-46 provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence . . . [and s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto." "As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v. Ins.Co. of Pennsylvania, supra, 231 Conn. 796. The three requirements of an affidavit are that the material must: "(1) be based on `personal knowledge'; (2) constitute facts that would be admissible at trial; and CT Page 695 (3) affirmatively show that the affiant is competent to testify to the matters stated in the affidavit." Barrett v. Danbury Hospital,232 Conn. 242, 251, 654 A.2d 748 (1995).
In support of its motion, the plaintiff has attached a sworn affidavit from James McGuire, Vice-President of People's Bank. This affidavit is based on personal knowledge of the business books and records of the plaintiff. The facts contained in the affidavit would be admissible at trial and affirmatively show that McGuire is competent to testify regarding the matters referred to in the affidavit. Finally, the McGuire affidavit incorporates all documents that are referred to therein and attached as exhibits. As the affidavit is duly sworn, the incorporated documents are appropriately considered by the court when ruling on a motion for summary judgment. Brookfield v. Candlewood Shores Estates,Inc., 201 Conn. 1, 7-9, 513 A.2d 1218 (1986).
As the plaintiff has met its burden of establishing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law, the plaintiff's motion for partial summary judgment is hereby granted.
HICKEY, J.