[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This motion by the plaintiff for summary judgment presents the essential question of whether or not defendant can prevail on his special defense to the effect that the mortgage deed was improperly witnessed and acknowledged.
At the outset, the court notes that such a defense goes to whether or not the mortgage is "a valid lien" and may properly be raised in a foreclosure action. Southbridge Associates, LLC v. Garofalo,53 Conn. App. 11, 15 (1999).
The facts as contained in affidavits submitted by the plaintiff, and not contested by the defendant are that defendant executed a note in the amount of $272,025.00 on January 6, 2000 in favor of the plaintiff, CT Page 6565 secured by a mortgage deed on property known as 512 Cherry Brook Road in Connecticut which is now in default, and plaintiff exercised its option to accelerate the balance of the note due and payable. There are no encumbrances on the property other than possibly taxes owed to the Town of Canton.
The defendant in his answer admits he mortgaged the subject property to the plaintiff but claims in his special defense that the persons who attested to his signature and acknowledged his signature on the mortgage deed were not in the room when he signed the deed. The plaintiff produced the affidavits of the witnesses and acknowledgor contesting defendant's claim. Conflicting testimony would ordinarily require denial of the summary judgment, unless the defense is invalid.
Section 47-5 of Conn. Gen. Stat. requires that all conveyances in land shall be in writing, subscribed by the grantor, acknowledged by the grantor as his free act and deed, and attested to by two witnesses with their own hands. A mortgage in Connecticut being a conveyance of land, the statute applies to mortgages.
Section 47-36aaa provides that a mortgage containing a defective acknowledgment or no acknowledgment, or is attested by one witness only or by no witnesses is "as valid as if it had been executed without defect or omission unless an action challenging the validity of that instrument is commenced and a notice of lis pendens is recorded in the land records of the town or towns where the instrument is recorded within two years after the instrument is recorded:"
Here, there is no indication the defendant has instituted an action challenging the validity of the mortgage. Thus the aforesaid statute validates the mortgage at this time.
More significantly, while a defect in a mortgage, such as failure to state with reasonable certainty the nature and the amount of the debt, may be asserted to attack the validity of the mortgage as against subsequent encumbrancers, it cannot be used to defeat a foreclosure action as between the original mortgagee and mortgagor. Burt's SpiritShop, Inc. v. Ridgeway, 215 Conn. 355, 366 (1990); Nagatuck Savings Bankv. Fiorenzi, 232 Conn. 294, 309 (1995). A mortgage deed not properly witnessed and acknowledged is nevertheless valid as between the parties to the instrument. Boudreau v. Wozniak, No. 89-0100325, J.D. of Stamford/Norwalk at Stamford, Lewis, J., July 31, 1990.
Based on the authority of the validating act and the fact that this is an action between the original mortgagee and mortgagor, the court concludes that as a matter of law the defendant's special defense has no CT Page 6566 validity in this case and cannot defeat plaintiff's cause of action.
Plaintiff's motion for summary judgment, as to liability only, is granted.
Robert Satter State Judge Referee