[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, National City Mortgage Corporation, brings this foreclosure action against the defendants, Myrtie Pope (Pope), Household Realty Corporation and the United States of America. The complaint alleges in pertinent part that the plaintiff seeks to foreclose a mortgage dated February 23, 1999, from Pope to the plaintiff. The mortgage secured payment of a promissory note in the principal amount of $98,926. The note is now in default and the plaintiff has elected to accelerate the balance due.
On January 14, 2001, Pope filed an answer and a special defense. The special defense averred that the plaintiff did not comply with the Housing and Urban Development (HUD) regulations as described in paragraph 9(d) of the mortgage. On February 4, 2002, the plaintiff filed a motion to strike Pope's special defense on the grounds that (1) the special defense does not address the making, validity or enforcement of the mortgage and/or note, and (2) that the special defense alleges mere conclusions of law.
"Whenever any party wishes to contest . . . the legal sufficiency of . . . any special defense . . . that party may do so by filing a motion to strike the contested pleading. . . ." Practice Book § 10-39; Nowakv. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). "In . . ., ruling on [a] motion to strike, the trial court [is obligated] to take the facts to CT Page 3252 be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992). "At common law, the only defenses to an action of [foreclosure] . . . would have been payment, discharge, release or satisfaction . . . or if there had never been a valid lien." Southbridge Associates, LLC v.Garofalo, 53 Conn. App. 11, 15, 728 A.2d 1114 (1999). As this court has recognized, various other equitable defenses have also been acknowledged. See Empire Mortgage v. Sinotte, Superior Court, judicial district of Waterbury, Docket No. 130113 (June 15, 1998, West, J.) (the equitable defenses of mistake, fraud, accident, equitable estoppel, CUTPA, laches, and breach of the implied covenant of good faith and fair dealing will be permitted if they relate to the making, validity or enforcement of the note or mortgage); see also Knutson Mortgage Corp. v.Williams, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334486 (September 26, 1997, West, J.)
A special defense alleging violations of the HUD regulations has withstood challenges of legal insufficiency. See, e.g., Ocwen FederalBank v. Melninkaitis, Superior Court, judicial district of Waterbury, Docket No. 154300 (April 19, 2000, Holzberg, J.); G.E. Capital Mortgagev. Choinski, Superior Court, judicial district of Tolland at Rockville, Docket No. 68877 (June 4, 1999, Klaczak, J.) (24 Conn.L.Rptr. 565). In those cases, the defendants averred that the mortgage instrument required compliance with the HUD regulations. It is also important to note that the defendants did not specify what HUD regulations were violated. In the present case, Pope alleges that the plaintiff did not comply with the HUD regulations as described in paragraph 9(d) of the mortgage instrument. Consequently, Pope has asserted a legally sufficient special defense and that the motion to strike is therefore denied.
THOMAS G. WEST, J.