[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On May 30, 2000, the plaintiff, First Union National Bank, commenced this foreclosure action against the defendants, William and Charlotte Woermer, seeking to foreclose the mortgage encumbering their property, located at 103 Warren Avenue in Naugatuck, Connecticut.
The plaintiff alleges in its amended complaint that the defendants executed and delivered a promissory note to Centerbank in the amount of $126,300 on August 25, 1988. A mortgage was executed and delivered to secure payment of the promissory note. Centerbank subsequently merged CT Page 3964 with the plaintiff, transferring ownership of the note and mortgage to the plaintiff. The plaintiff further alleges that the defendants defaulted on their monthly installments due under the note and, as a result, the plaintiff has elected to foreclose on the mortgage.
On September 17, 2001, the defendants filed their answer and eight special defenses. On February 19, 2002, the defendants withdrew all but three of their special defenses at oral argument. The three remaining special defenses include: miscalculation of the defendants' account (first defense), refusal of payments (second defense) and payment of the loan not accounted for (eighth defense).
On January 22, 2002, the plaintiff filed a motion to strike all of the defendants' special defenses. The plaintiff claims that the first special defense alleges insufficient facts to constitute a valid special defense. The plaintiff also moves to strike the second and eighth special defenses on the grounds that they (1) allege insufficient facts; (2) do not allege a valid special defense to a foreclosure action; and (3) fail to attack the making, validity and enforcement of the note and mortgage.
"Whenever any party wishes to contest . . . the legal sufficiency of . . . any special defense . . . that party may do so by filing a motion to strike the contested pleading. . . ." Practice Book § 10-39; Nowakv. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). "In . . . ruling on [a] motion to strike, the trial court [is obligated] to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992).
"At common law, the only defenses to an action of this character would have been payment, discharge, release or satisfaction . . . or, if there had been a valid lien." (Internal quotation marks omitted.) SouthbridgeAssociates. LLC v. Garofalo, 53 Conn. App. 11, 15, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). "In recognition that a foreclosure action is an equitable proceeding, courts have allowed . . . breach of the implied covenant of good faith and fair dealing . . . to be pleaded as special defenses . . . These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . ." (Internal quotation marks omitted.) Citicorp Mortgage v.Gibson, Superior Court, judicial district of Waterbury, Docket No. 152248 (January 23, 2001, West, J.).
The first special defense alleges that "[t]he plaintiff has miscalculated its loan balance and improperly called their loan into CT Page 3965 default." The plaintiff argues that the special defense should be stricken because it fails to allege sufficient facts. The defendants counter that the defense properly alleges payment and adheres to the pleading requirements. This court has previously held that allegations of an improper accounting do not attack the making, validity or enforcement of the note and mortgage. Empire Mortgage v. Sinotte, Superior Court, judicial district of Waterbury, Docket No. 130113 (June 15, 1998, West, J.). Clearly the first special defense is insufficient as a matter of law, and therefore the motion to strike the first special defense is granted:
The defendants aver in their second special defense that "[t]he [plaintiff] has wrongfully refused to accept contracted payments from the defendants." Additionally, the eighth special defense alleges that "[t]he defendants have made payments to the plaintiff which are not accounted for." The plaintiff moves to strike these special defenses on the grounds that they: (1) fail to allege sufficient facts in accordance with the requirements set forth in the Practice Book; and (2) the second and eighth special defenses are invalid as special defenses in a foreclosure action. In opposition, the defendants reply that the two defenses comply with the pleading requirements and are sufficient as a matter of law.
This court has previously held that allegations of misapplied payments, as well as refusal to accept payments, do not constitute valid special defenses to a foreclosure suit. Citicorp Mortgage, Inc. v.Gibson, Superior Court, judicial district of Waterbury, Docket No. 152248 (April 27, 2000, West, J.) (27 Conn.L.Rptr. 119). Such allegations "reference conduct of the plaintiff subsequent to the note and mortgage being executed. Where the defendant[s'] special defenses attack the acts of the plaintiff during the course of their relationship . . . [t]hese are improper special defenses to a foreclosure action." OCWEN FederalBank FSB v. Weinberg, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 547629 (August 11, 1999, Mihalakos, J.).
Here, the defendants' allegations address the plaintiff's administration of their account. The second special defense clearly addresses the relationship between the plaintiff and the defendants subsequent to the making of the note and mortgage. Additionally, the eighth special defense is closely related to the defendants' assertions in the first special defense and could be stricken on similar grounds. Consequently, the court finds that the defendants' second and eighth special defenses are also insufficient as a matter of law.
Based on the foregoing reasons, the motion to strike is granted.
___________________, J. CT Page 3966 THOMAS G. WEST