[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE PLAINTIFF'S MOTION TO STRIKE 
This is a foreclosure action instituted by the plaintiff, Huntington Condominium Association, against the defendant, Victoria Jackson, the owner of two condominium units. The complaint is in two counts and alleges that the defendant failed to pay the common charges and assessments on her condominium units. The complaint further alleges that the plaintiff has a statutory lien on the defendant's condominium units pursuant to General Statutes § 47-258[1] for common charges and assessments levied against the defendant, and for attorney's fees and costs. The plaintiff notified the defendant of the assessments for the common charges and the defendant defaulted in the payment thereof
The defendant filed her answer alleging special defenses and counterclaims. The defendant asserts four special defenses: 1) she made payments to the plaintiff that may cover the amount the plaintiff claims it is owed and this amount must be set oft 2) she paid a refundable deposit for moving into the units, she caused no damage to the units, therefore any award the plaintiff receives should be reduced by the amount of the deposit; 3) the plaintiff in assessing the fines and fees, failed to comply with General Statutes § 47-244 which requires the plaintiff to provide the defendant with notice and an opportunity to be heard as required by General Statutes § 47-244. Therefore, the fines are not properly assessed and should be disallowed. 4) the plaintiffs rules and regulations do not allow it to bring a lawsuit for amounts less than $500 unless payment is more than ninety days past due and, discounting the improperly assessed fines, the defendant was current to April 5, 2001, and any amount due could not have been more than ninety days past due.
The defendant asserts three counter claims: 1) the plaintiff violated the Connecticut Common Interest Ownership Act (CCIOA) by failing to give the defendant proper notice pursuant to § 47-244; 2) the plaintiff violated the Connecticut Unfair Trade Practices Act (CUTPA) by failing to CT Page 13671 give her notice and an opportunity to be heard; 3) the plaintiff violated its own rules and regulations by failing to give her proper notice of violations and an opportunity to be heard and thus, the defendant has suffered pecuniary damage.
Pending before the court is the plaintiff's motion to strike the defendant's special defenses and counterclaims. The defendant has filed an objection to the motion. For the following reasons, the court strikes the second special defense and the counterclaims and denies the motion to strike in all other respects.
 DISCUSSION
The court first addresses the defendant's argument that the plaintiff's motion to strike is untimely. Pursuant to Practice Book § 10-8,[2]
a motion to strike must be filed within 15 days of the preceding pleading. The defendant filed her answer on September 28, 2001. The plaintiff filed its motion to strike on June 5, 2002. Thus, the motion is untimely. Nevertheless, the law is well established that "the court has discretion as to whether it will consider the merits of an untimely motion. [A]lthough a motion to strike may appear untimely on its face, the court has discretion to permit a late pleading where the parties have both submitted arguments on the merits." (Internal quotation marks omitted.) Esdaile v. Hill Health Corp., Superior Court, judicial district of New Haven at Meriden, Docket No. 262401 (November 6, 2001, Booth, J.) see also Scap Motors, Inc. v. Pevco Systems International, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348461 (August 12, 2000, Melville, J.). (25 Conn.L.Rptr. 283.) In this case, both parties have argued the merits of the motion and the matter is ready for disposition. The interests of judicial economy support the consideration of the motion at this time, and thus, the court exercises its discretion and considers the merits of the motion to strike.
The law governing the court's consideration of a motion to strike is well-settled. "Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of the answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof" Practice Book § 10-39 (a); see also Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). When ruling on a motion to strike special defenses, the court must "take the facts to be those alleged in the special defenses and . . . construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992). CT Page 13672
Pursuant to Practice Book § 10-50, which applies to special defenses, "[f]acts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged." "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment,249 Conn. 1, 17, 730 A.2d 1128 (1999). "At common law, the only defenses to [a foreclosure action] would have been payment, discharge, release or satisfaction . . . or if there had never been a valid lien. . . . Moreover, our courts have permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had." (Internal quotation marks omitted.) Southbridge Associates, LLCv. Garofalo, 53 Conn. App. 11, 15, 728 A.2d 1114, cert. denied,249 Conn. 919, 733 A.2d 229 (1999).
"The scope of permissible defenses . . . that may be raised in an action for foreclosure of a mortgage has not been the subject universal agreement amongst our courts. However, [w]hen the foreclosure is by a condominium association against a unit owner and is predicated upon common charges, special assessments and other items made lienable by statute, the Connecticut cases do not exhibit diversity regarding special defenses and counterclaims." (Citations omitted; internal quotation marks omitted.) Villa Sol D'or Assn. Inc. v. Surace, Superior Court, judicial district of Waterbury, Docket No. 145061 (July 8, 1998, West, J.). This is in part due to the fact that "[l]iens for delinquent common expense assessments of individual units within an association are creatures of statute. Section 47-258 (a) provides: The association has a statutory lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes delinquent. Further, 47-258 (i) provides that [t]he association's lien may be foreclosed in like manner as a mortgage on real property." (Internal quotation marks omitted.) Hudson House Condominium Assn., Inc.v. Brooks, 223 Conn. 610, 614, 611 A.2d 862 (1992).
"The Superior Courts have stricken special defenses to foreclosure actions predicated upon nonpayment of common charges for several reasons. First, several Superior Courts have held that, as a matter of law, a validly levied common charge cannot be the subject of a special defense because it is clear that condominium unit owners are liable for common charges pursuant to the Common Interest Ownership Act. . . . Additionally, in actions to foreclose upon common charge liens, several Superior Courts have refused to recognize special defenses that are not CT Page 13673 based upon the lien. . . . Moreover, these courts have reasoned that special defenses that are not based on the lien should not be recognized as a matter of law, because the special defenses do not satisfy the same transaction requirement . . . intimated for special defenses in [§ 10-50] of the Practice Book. . . . Furthermore, the Superior Courts have stricken special defenses that are not based upon the lien because in such instances, the defendants seek to avoid their fair share of the expense of the condominium operation because of their alleged grievances. Such action jeopardizes the entire community. If the defendants wish to pursue their grievances against the board, it must be done in a separate action, not by refusal to pay their common charge which is directed against the other unit owner's health and welfare all of whom are entitled to having the budget funded by all the unit owners." (Citations omitted; internal quotation marks omitted.) Villa Sol D'orAssn. Inc. v. Surace, supra, Superior Court, Docket No. 145061.
The Common Interest Ownership Act provides: "[n]o unit owner may exempt himself from liability for payment of the common expenses by waiver of the use or enjoyment of any of the common elements or by the abandonment of the unit against which assessments are made, except if every unit owner is so exempted from the payment of all or part of the expenses." General Statutes § 47-78 (a). Because "the common interest ownership act clearly indicates that unit owners are liable for common charges . . . as a matter of law, a validly levied common charge cannot be the subject of a special defense." (Internal quotation marks omitted.)Village at Paugnut Forest Assn., Inc. v. Wood, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 066351 (May 19, 1995,Pickett, J.), 14 Conn.L.Rptr. 242, 243. See also Willow SpringsCondominium Assn., Inc. v. Pereira, Superior Court, judicial district of Litchfield, Docket No. 067067 (February 9, 1995, Pickett, J.); WiltonCrest Condominium v. Stern, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 300406 (August 13, 1993, Leheny, J.) (8 C.S.C.R. 955); Anchorage Condominiun v. Smith, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 227523 (October 16, 1986, Harrigan, J.) (1 C.S.C.R. 841).
 Special Defenses
As previously described, the defendant's special defenses are as follows: 1) payment of fees and set-offs; 2) set-off for deposits paid on both units; 3) improper or unlawful assessment of fines without notice and an opportunity to be heard; and 4) that if the fines are properly assessed, there is an insufficient amount at issue to warrant a suit based on the plaintiffs regulations. The plaintiff asserts that the defendant's special defenses, as well as the counterclaims, are not the CT Page 13674 type that are permitted in actions to foreclose condominium liens. More specifically, the plaintiff contends that the defendant's special defenses and counterclaims are based on damages the defendant allegedly incurred as a result of association actions unrelated to the assessments at issue, and therefore, her proper remedy is an independent action against the association.
The first special defense alleges the defendant has made a payment which "does or may" cover the amounts claimed by the plaintiff in their entirety. Because this defense alleges payment, it asserts a bona fide defense sufficient to withstand a motion to strike. See SouthbridgeAssociates, LLC v. Garofalo, supra, 53 Conn. App. 15.
In the second special defense, the defendant alleges that the plaintiff has failed to return to the defendant deposits that were paid when she moved into the units. She claims that any award to the plaintiff must be reduced by the amount of these deposits. This claim is unrelated to the validity of the lien and is more appropriately brought in a separate action against the plaintiff Thus the second special defense should be stricken because it is premised on conduct unrelated to the plaintiffs right to collect common charges.
The defendant's third and fourth special defenses are based on her claim that "a large portion of the amount claimed by the plaintiff . . . are fines in the amount of $3,550". The defendant argues that General Statute Section 47-244 requires her to receive notice and an opportunity to be heard before the assessment of fines and that the plaintiff failed to comply with this requirement. General Statutes § 47-244 (a) (11), the only subsection of the statute that imposes a notice requirement, states: "the association . . . may . . . Impose charges or interest or both for late payment of assessments and, after notice and an opportunity to be heard, levy reasonable fines for violations of the declaration, bylaws, rules and regulations of the association."
Under this statute, the notice requirement does not apply to the condominium association's authority to impose "charges or interest or both for late payment of assessments." The notice requirement only applies to fines that are levied for violations of the "declaration, bylaws, rules and regulations of the association." See Countrywood HillsCondiminium Assn. v. Crumb, supra, Superior Court, Docket No. 137828. (court ruled that notice is not necessary to foreclose statutory lien for common charges and § 47-244 did not apply to a lien based upon delinquent common charges). "There is no provision in CCIOA indicating that notice of the lien for common charges is required to be made upon the unit owner in order to foreclose that lien. In fact, General Statutes CT Page 13675 § 47-258 (h) states that `[t]he association on written request shall furnish to a unit owner a statement in recordable form setting for the amount of unpaid assessments against the unit.'" (Emphasis in original.)Countrywood Hills Condominium Assn., Inc. v. Crumb, Superior Court, judicial district of Waterbury, Docket No. 137828 (September 19, 1997,Kulawiz, J.). Further, § 47-258 (d) provides that: "[r]ecording of the declaration constitutes record notice and perfection of the lien. No further recordation of any claim of lien for assessment under this section is required."
On this record, however, it is entirely unclear whether the assessments at issue solely involve charges and interest related to the late payment of common charages, for which the notice requirement does not apply, or also involve fines imposed for the violation of association rules for which the notice requirement does apply. Not only has the plaintiff failed to address this issue in its memorandum, but in evaluating a motion to strike, the court is required to accept as true the well-pleaded facts of the special defense, and construe the pleading in favor of the defendant in order to determine whether a legally sufficient defense has been alleged. Consequently, the motion to strike the third and fourth special defenses should be denied.
 Counterclaims
Generally, counterclaims are governed by Practice Book § 10-10, which provides, in pertinent part: "[i]n any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." A counterclaim is defined as "a cause of action existing in favor of a defendant against a plaintiff that a defendant pleads to diminish, defeat or otherwise affect a plaintiffs claim and also allows recovery by the defendant." (Internal quotation marks omitted.)Home Oil Co. v. Todd, 195 Conn. 333, 341, 487 A.2d 1095 (1985). In the context of a foreclosure action, "[w]hen a counterclaim in a common charge foreclosure does not relate to the associations' right to collect common charges and to foreclose upon such charges not paid by individual owners under General Statutes Sec. 47-244 and 258, the granting of a motion to strike the counterclaim is appropriate." (Internal quotation marks omitted.) Village at Paugnut Forest Assn., Inc. v. Wood, supra,14 Conn.L.Rptr. 244.
As previously noted, in her counterclaims, the defendant, asserts that the plaintiff, by failing to give her proper notice violated the CCOIA, CUTPA, and its own rules and regulations. The court concludes that all of CT Page 13676 the defendant's counterclaims should be stricken because they relate to the plaintiffs alleged failure to follow its own procedures and those statutorily mandated, and do not sufficiently or specifically attack its right to collect common charges and foreclose upon charges that are not paid.
Moreover, with regard to the defendant's CUTPA counterclaim, "[t]he management of a condominium association does not constitute `trade or commerce.'" Hunter v. Turner, Superior Court, judicial district of New London at New London, Docket No. 521151 (October 22, 1993, Austin, J.) (10 Conn.L.Rptr. 273). Because CUTPA only applies to "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" (General Statutes § 42-110b (a)), the defendant's counterclaim based on CUTPA must fail.
 CONCLUSION
For the foregoing reasons, the plaintiff's motion to strike is granted
as to the Second Special Defense and all the Counterclaims asserted by the defendant Victoria Jackson. The motion is denied as to the First, Third and Fourth Special Defenses.
So ordered this 10th day of 2002.
 ___________________ STEVENS, J.