[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE COUNTERCLAIMS (#107)
 FACTS
The plaintiff, First Nationwide Mortgage Corporation, filed a complaint on August 21, 2000, seeking foreclosure of a mortgage. In its complaint, the plaintiff alleges the following facts. On April 29, 1996, the defendant, Courtney Gooden, executed a promissory note for $70,000 plus interest payable in equal monthly installments of principal and interest. As security, the defendant mortgaged to the plaintiff premises located at 29 Williams Street in New London. The note and mortgage were recorded in the New London land records on May 3, 1996. The defendant has defaulted on the note by virtue of nonpayment of the installments due on May 1, 2000 and in each month thereafter, and the plaintiff has declared the entire balance of the note due and payable.
The defendant filed an answer and a two count counterclaim on September 19, 2000. In the first count of the counterclaim, the defendant alleges that he has not seen the promissory note and mortgage deed mentioned in the complaint.[1] The defendant further alleges that the plaintiff has refused his request for an accounting of all payments made, credits applied, late charges and arrearages. The first count of the counterclaim concludes with a statement that "[t]he conduct of the Plaintiff in so refusing to account to Defendant is oppressive, devious and a violation of Connecticut's Unfair Trade Practice Act."
In the second count of the counterclaim, the defendant repeats the allegations of the first count and makes the following additional allegations: "The Plaintiff and Defendant were negotiating to resolve the issues and established an arrearage on August 3, 2000 and the Plaintiff indicated a willingness to work out a workout option. . . . Defendant explained to the Plaintiff that litigation would intercept his ability to enter any workout plan. . . . Notwithstanding the Plaintiff's awareness that it failed to respond to Defendant's request for information, the Plaintiff brought a lawsuit against Defendant. . . . Such conduct of the Plaintiff violates Connecticut's Unfair Trade Practice Act."
On January 12, 2001, the plaintiff filed a motion to strike both counts of the counterclaim. Specifically, the plaintiff moves to strike both counts on the grounds that they do not arise out of the same transaction as the making of the mortgage, and that the defendant has alleged insufficient facts to constitute a valid counterclaim. In addition, the plaintiff moves to strike the first count on the ground that the defendant has failed to properly plead a cause of action, and moves to strike the second count on the ground that failed workout negotiations do not constitute a cause of action. The plaintiff's motion is accompanied by a memorandum of law, and the defendant has filed an objection and a CT Page 6974 memorandum of law in opposition.
 DISCUSSION
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [pleading party]. . . . If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
The plaintiff argues that the two counts of the defendant's counterclaim are invalid because they do not arise out of the same transaction as the making of the mortgage. "In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. . . ." Practice Book § 10-10. Practice Book § 10-10 "is a rule designed to permit the joinder of closely related claims where such joinder is in the best interests of judicial economy."Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 161,459 A.2d 525 (1983).
"In a foreclosure action, the transaction at issue is the execution of a note and mortgage and the subsequent default." Knutson Mortgage Corp.v. Williams, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334486 (September 26, 1997, West, J.). This court has therefore previously concluded that "[a] counterclaim brought by a defendant in a foreclosure action . . . must address the making, validity or enforcement of the note and mortgage. PNC Bank v. Slodowitz, Superior Court, judicial district of Waterbury, Docket No. 137057 (July 19, 1999,West, J.); Citytrust v. Kings Gate Developers, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 106448 (October 19, 1990, Lewis, J.). . . . `[T]he rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action.' DimeSavings Bank v. Albir, [Superior Court, judicial district of Stamford/Norwalk, Docket No. 132582 (February 7, 1995, D'Andrea, J.)]. This requirement then is nothing more than an application of Practice CT Page 6975 Book § 10-10. . . ." Ocwen Federal Bank, FSB v. Stawski, Superior Court, judicial district of New London at New London, Docket No. 552683 (April 25, 2000, Martin, J.). This standard has been recognized by our Appellate Court. See Southbridge Associates, LLC v. Garofalo,53 Conn. App. 11, 15, 21, 728 A.2d 1114, cert. denied, 249 Conn. 919,733 A.2d 229 (1999).
The first count of the defendant's counterclaim alleges that the plaintiff refused the defendant's request for an accounting of all payments made, credits applied, late charges and arrearages. The second count further alleges that the plaintiff commenced the present foreclosure despite ongoing workout negotiations. As stated above, the issues in the plaintiff's foreclosure action are the validity of the note and mortgage and the defendant's alleged default. The defendant's Connecticut Unfair Trade Practices Act (CUTPA) claims, on the other hand, concern the plaintiff's alleged failure to provide an accounting, and the alleged impropriety of bringing the foreclosure action while the parties were involved in negotiations. Consequently, trying the plaintiff's and defendant's claims in the same case would not be in the best interests of judicial economy; see Wallingford v. Glen ValleyAssociates, Inc., supra, 190 Conn. 161; because they would require proof of almost entirely different facts. Cf. Source One v. Dziurzynski, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145337 (May 22, 1996, Hickey, J.) (17 Conn.L.Rptr. 29, 30) (granting foreclosure plaintiff's motion to strike counterclaim alleging breach of forbearance agreement).
Furthermore, the judges of this court have repeatedly held that special defenses and counterclaims alleging post-default conduct by the plaintiff are invalid because they do not relate to the making, validity or enforcement of the note or mortgage. See New Milford Savings Bank v.Jajer, Superior Court, judicial district of Litchfield, Docket No. 061073 (November 4, 1999, Wiese, J.), Bank United of Texas v. Delvecchio, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 058535 (April 2, 1998, Curran, J.); Knutson Mortgage Corp. v.Williams, supra, Superior Court, Docket No. 334486.
The defendant argues, however, that his counterclaim is valid and arises from the same transaction as the plaintiff's foreclosure action because: (1) the plaintiff's failure to provide an accounting prevented the defendant from reinstating pursuant to the mortgage's reinstatement clause; (2) the plaintiff's failure to provide an accounting violated the terms of the mortgage; and (3) the plaintiff's refusal to provide an accounting violates the ethical canons of the Mortgage Bankers Association of America, thereby rendering the mortgage unenforceable. The defendant has failed, however, to plead facts regarding the mortgage's CT Page 6976 reinstatement clause, any other provisions of the mortgage, or the ethical canons. Because these arguments rely on facts that have not been alleged in the pleadings, they may not be considered by the court in evaluating the motion to strike.
Lastly, the plaintiff argues that both counts of the counterclaim should be stricken because the defendant has not pleaded facts sufficient to establish a CUTPA claim. "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the "cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice maybe unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.)Willow Springs Condominium Assn., Inc. v. Seventh BRT DevelopmentCorp., 245 Conn. 1, 43, 717 A.2d 77
(1998). In the present case, the defendant has not alleged facts to satisfy any of the three criteria of the "cigarette rule."
 CONCLUSION
The defendant has failed to plead facts showing that the two counts of its counterclaim arise from the same transaction as the plaintiff's complaint. Furthermore, the facts alleged by the defendant are insufficient to state a cause of action under CUTPA. The plaintiff's motion to strike is therefore granted.
Martin, J.