Robert G. BRADSHAW, William A. Bradshaw, and Nancy B. Harter

v.

Leah Ann Bradshaw PATTERSON and William A. Bradshaw, in their capacities as co-executors of the Estate of Elizabeth B. Downes.

No. 98–128–A.

Supreme Court of Rhode Island.

Feb. 26, 1999.

Thomas W. Pearlman, Providence.

Kelly M. Francassa.

## ORDER

This case came before this court at a session in conference pursuant to Rule 12A(3)(b) of the Rules of Appellate Procedure. After reviewing the record and the parties' prebriefing statements, we proceed to decide the case at this time without further briefing or argument.

The plaintiffs appeal from a judgment granting the defendants' motion to dismiss. On April 16, 1996, Elizabeth B. Downes died. At the time of her death, she was a resident of Mystic, Connecticut and she left no estate in Rhode Island. Her estate, which was located in Connecticut, was probated in the Probate Court for the District of Groton, Connecticut. The defendants were named co-executors of the estate. The plaintiffs, heirs-at-law of Elizabeth B. Downes, filed claims against the estate seeking compensation for services they had rendered. The estate disallowed the plaintiffs' claims and thereafter, the plaintiffs filed a multi-count complaint in the Providence County Superior Court seeking damages from the estate.

Defendant Patterson filed a motion to dismiss the plaintiffs' complaint which was granted by a trial justice. The trial justice concluded that the court lacked subject

matter jurisdiction over the plaintiffs' causes of action.

On appeal, the plaintiffs argue that the trial justice erred in concluding that the Rhode Island Superior Court did not have subject matter jurisdiction. The plaintiffs also argue that their complaint is permissible pursuant to G.L. § 9–5–33, the so-called minimum contacts statute. While we question the propriety of the trial justice's rationale, i.e., absence of subject matter jurisdiction, we nevertheless affirm her decision on the ground that plaintiffs' failure to challenge the Connecticut estate's disallowance of their claims through timely and appropriate action in the Connecticut courts rendered the denial of their claims res judicata. We are of the opinion that this principle precludes plaintiffs from relitigating in the Rhode Island courts claims that should have been addressed through the appeals process within the Connecticut court system.

The trial justice's ruling, therefore, must be affirmed. For the foregoing reasons, the plaintiffs' appeal is denied and dismissed and the judgment appealed from is affirmed.