DECISION
Before the Court is a motion for summary judgment brought by DeVere V. Carney Jr., DeVere V. Carney, III, Sean R. Carney, Thomas P. Carney, Erin M. Carney, and Dorothy M. Carney (collectively the petitioners), seeking to have their prayer for declaratory judgment granted, and Kathleen E. Carney Page's (respondent) counterclaim seeking declaratory judgment denied.
Jurisdiction is pursuant to G.L. 1956 § 9-30-1.
 Facts/Travel
The matter came before this Court upon the petitioners' complaint, dated February 11, 1998, seeking to have this Court declare them the owners of Kardinal Land, Inc. (Kardinal). The respondent, in turn, has asked the Court to declare her the sole owner of Kardinal.
In 1979, DeVere Carney, Sr. (Carney Sr.) incorporated Kardinal pursuant to the laws of Rhode Island. Kardinal's only assets are two properties, one located in Bristol and one located in Portsmouth. In all, 600 shares of Kardinal's corporate stock exist.
In 1984, Carney Sr. died testate while living in Florida. A petition for administration of his estate was filed with the probate court of Lake County, Florida. The respondent received notice of the petition and a copy of Carney Sr.'s will on March 11, 1984. Pursuant to Florida law, the respondent had 20 days to file any objections or claims. She did not do so.
Carney Sr.'s will named his wife, Margaret Carney, as the sole beneficiary of his estate.
According to the Inventory filed with the probate court, the 600 shares of Kardinal were included in the estate. A copy of the Inventory was sent to the respondent, who again did not file any claims or objections. In 1986 the respondent signed a consent to the entry of an order discharging the personal representative of the estate. The Order of Discharge was entered in March of 1987. Throughout the next five years, Margaret Carney gifted the 600 shares of Kardinal to the petitioners.
At some point in or around 1997, one of the petitioners, DeVere Carney III (Carney III), discussed purchasing one of the properties held by Kardinal. He had been living on the property for about six years. Thereafter, in December of 1997, the respondent's counsel presented DeVere Carney Jr. (Carney Jr.) with a certificate representing all 600 shares of Kardinal, endorsed by Carney Sr., payable to the respondent. The endorsement was not dated. The petitioners now ask this Court to declare that as a result of the Florida probate court's Order, they are the rightful owners of Kardinal.
The respondent argues that this Court should declare her the rightful owner because her failure to appeal the probate court's decision was due to fraudulent statements made to her by Carney Jr. The respondent alleges that in 1984, Carney Jr. told her that the 600 shares of Kardinal would be removed from the Inventory of the estate, because she presented him at that time with the stock certificate. In their motion for summary judgment, the petitioners argue that the respondent's counterclaim is barred by the doctrines of res judicata and collateral estoppel. The respondent contends that the decision of the probate court in Florida can be collaterally attack, because it was based on fraud.
Our Supreme Court, in Bradshaw v. Patterson, 733 A.2d 729, 730 (R.I. 1999), held that the principal of res judicata precludes relitigating claims that should have been addressed on appeal in another state. Here, the respondent is asking this Court to interfere with a 15 year old ruling of a Florida probate court. This Court will not do so. The respondent's failure to timely appeal the decision of the Florida probate court, in the Florida courts, rendered the probate court's ruling res judicata.
It should be noted, however, that this Court is not commenting on whether the respondent can attack the determination of the probate court, due to the alleged fraud, in the Florida courts, or whether she can bring a separate cause of action for fraud against Carney Jr. in this jurisdiction (and if such an action would be timely). The Court is merely stating that it will not attempt to "overturn" the Florida probate court decision.
The petitioners' motion for summary judgment on its petition for declaratory judgment is granted, and the respondent's counterclaim is denied.
Counsel shall submit an appropriate order and judgment for entry.