[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE (#112)
 FACTS
The plaintiff, Norwest Bank of Minnesota, commenced this action on September 27, 2000, against the defendant, Justin Powell (debtor), to foreclose a mortgage on property located at 15 Old Hamburg Road in Lyme. The amended complaint, filed on February 13, 2001, alleges that the debtor mortgaged the property to Option One Mortgage Corporation on February 26, 1999, as security for a promissory note in the amount of $220,000. The plaintiff alleges that it is the current holder of the note by virtue of an assignment from Option One Mortgage Corporation. The plaintiff further alleges that the debtor defaulted on his mortgage payments and has failed to cure the default.
Ramona E. DeSalvo, as trustee, is also named as a defendant in this action. DeSalvo entered into two mortgages with the debtor that encumber the same property. The debtor defaulted on the mortgages held by DeSalvo and DeSalvo took title to the property by virtue of a certificate of foreclosure dated April 5, 2000. The complaint alleges that the two mortgages held by DeSalvo are subsequent to the mortgage held by the plaintiff.
On November 17, 2000, a default was entered against the debtor for his failure to disclose a defense. To date, the debtor has failed to file an answer or any special defense to this action.
On December 7, 2000, DeSalvo filed an answer, three special defenses and a counterclaim. On February 13, 2001, the plaintiff filed a motion to strike DeSalvo's special defenses on the ground that they are legally CT Page 11201 insufficient. The plaintiff has also moved to strike DeSalvo's counterclaim on the ground it does not arise out of the same transaction as the plaintiff's foreclosure action. DeSalvo filed a memorandum of law in objection to the plaintiff's motion on April 23, 2001. In her objection, DeSalvo addresses only the motion to strike her third special defense and her counterclaim. Oral argument was heard on the motion on April 2, 2001.
 DISCUSSION
"Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike. . . ." Practice Book §10-39. "In . . . ruling on the . . . motion to strike, the trial court [has an] obligation to take the facts . . . alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). "A motion to strike admits all facts well pleaded." Parsons v. United Technologies Corp.,243 Conn. 66, 68, 700 A.2d 655 (1997). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied. . . ." (Citation omitted; internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "A motion to strike does not admit legal conclusions . . . stated in the pleading at which the motion is directed." Fairfield Lease Corp.v. Romano's Auto Service, 4 Conn. App. 495, 497, 495 A.2d 286 (1985).
"At common law, the only defenses to an action of [foreclosure] would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien." (Internal quotation marks omitted.)Southbridge Associates. LLC v. Garafolo, 53 Conn. App. 11, 15,728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). In recognition that a foreclosure action is equitable in nature, courts have also allowed equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure, a refusal to agree to a favorable sale to a third party, and lack of consideration to be pleaded as special defenses. See, e.g.,Mercantile Bank v. Hurowitz, Superior Court, judicial district of New Haven at New Haven, Docket No. 381091 (May 2, 2000, Celotto, J.); NorwestMortgage v. Edwards, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 057496 (May 4, 1998, Curran, J.) (22 Conn. L. Rptr. 123, 124).
"[These] special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, CT Page 11202 validity or enforcement of the mortgage and/or note . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal citation omitted; internal quotation marks omitted.)Citimortgage, Inc. v. Lovelett. Superior Court, judicial district of Waterbury, Docket No. 159430 (February 27, 2001, West, J.).
First Special defense
In her first special defense, DeSalvo alleges that she did not receive a demand for payment prior to the initiation of a foreclosure action and, therefore, the plaintiff should not be allowed to foreclose on its mortgage. The plaintiff moves to strike this special defense on the ground that it is legally insufficient to prevent foreclosure of its mortgage. Specifically, the plaintiff argues that its failure to demand payment prior to the initiation of a foreclosure action does not go to the making, validity or enforcement of its mortgage and note.
DeSalvo has not pleaded that the mortgage or note required that the plaintiff demand payment from a junior mortgagee prior to foreclosure. Nor has she cited any authorities to support her argument that the plaintiff has a duty to demand payment from a junior mortgagee upon a mortgagor's default, and the court is aware of no such authority. The special defense fails, therefore, as a matter of law because it asserts a duty where none is shown to exist. The defense also fails because it does not attack the making, validity, or enforcement of the note and mortgage at issue, namely those between the plaintiff and the debtor. The motion to strike this defense is, therefore, granted.
Second Special defense
In her second special defense DeSalvo alleges that the plaintiff failed to mitigate its damages. Specifically, DeSalvo alleges that the plaintiff did not seek to foreclose on the property after the debtor abandoned the property and left DeSalvo to preserve the property. DeSalvo alleges that she has expending sums of money to preserve and protect the asset and, therefore, the plaintiff may not foreclose on its mortgage.
The plaintiff argues that the special defense is a legally insufficient special defense to a foreclosure action. Specifically, the plaintiff argues that the special defense fails to attack the making, validity, or enforcement of the mortgage and note. The plaintiff additionally argues that the plaintiff had no duty to mitigate damages to a subsequent mortgage holder after the abandonment of the property by the debtor. CT Page 11203
DeSalvo has not pleaded that there is a provision in the mortgage or note which required the plaintiff to mitigate damages to a subsequent mortgage holder. DeSalvo has also failed to plead a connection between her preservation of the property and the making, validity, or enforcement of the mortgage or note. DeSalvo's second special defense is, therefore, legally insufficient and the plaintiff's motion to strike the second special defense is hereby granted.
Third Special defense
In her third special defense, DeSalvo alleges that she detrimentally relied on the plaintiff's misrepresentations about the debtor's financial status when she entered into the second and third mortgages on the premises. The plaintiff argues that the defense is a legally insufficient defense to a foreclosure action because it fails to attack the making, validity, or enforcement of the note or mortgage. The plaintiff also argues that DeSalvo has failed to plead a factual predicate for the alleged misrepresentations made by the plaintiff.
DeSalvo argues that the third special defense attacks the making of the first note and mortgage and is therefore legally sufficient. Specifically, DeSalvo argues that because the plaintiff's mortgage did not finance the full purchase price for the property, the plaintiff and the debtor would not have entered into the first mortgage from which the plaintiff seeks foreclosure, but for her entering into a second mortgage on the property to provide the remainder of the purchase price. DeSalvo further argues that but for the plaintiff's predecessor's misrepresentations to her about the debtors financial status she would not have entered into the second and third mortgages on the property.
As this court has previously stated, a special defense must attack the making, validity, or enforcement of the mortgage or note at issue in order to be legally sufficient in a foreclosure action. The allegations in this defense do not attack the making, validity or enforcement of the mortgage and note between the plaintiff and the debtor. In order for an allegation of misrepresentation to be sufficient to prevent foreclosure on the mortgage it must have been made by the plaintiff to the debtor, and the allegation of misrepresentation must be asserted by the debtor himself. As such, the plaintiff's motion to strike the third special defense is hereby granted.
Counterclaim
DeSalvo's counterclaim asserts two different theories for recovery. First, DeSalvo essentially restates her allegations in the third special CT Page 11204 defense and requests relief because she detrimentally relied on representations made by the plaintiff's predecessor about the debtor's financial status when she entered into her own mortgages on the property with the debtor. Second, DeSalvo argues that she should recover for the sums she expended to maintain and protect the property because the plaintiff failed to mitigate its damages after the debtor abandoned the property and DeSalvo entered into possession by judgment of foreclosure on the second and third mortgages.
The plaintiff moves to strike the counterclaim on the ground it does not arise out of the same transaction as its foreclosure action. The plaintiff also argues that the counterclaim should be stricken because it does not attack the making, validity or enforcement of the underlying mortgage or note, but rather seeks to attack some act or procedure of the lienholder after the execution of the mortgage and note upon which the plaintiff seeks foreclosure.
Practice book § 10-10 provides that "[i]n any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff and cross claims against any codefendant provided that each such counterclaim and cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. . . ." "An analysis of those cases recognizing. counterclaims [to foreclosure actions] suggest[s] that they are proper only when they . . . attack the note itself, rather than some act or procedure by the mortgagor. . . . Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside the note or mortgage . . . New Milford Savings Bank v. Zandy Superior Court, judicial district of Litchfield, Docket No. 078766 (January 11, 2001, DiPentima, J.); see Mercantile Bank v. Hurowitz, Superior Court, judicial district of New Haven, Docket No. 381091 (May 2, 2000, Celotto, J.); see alsoSouthbridge Associates. LLC v. Garofalo, 53 Conn. App. 17, 21,728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 729 (1999); OcwenFederal Bank v. Stawski Superior Court, judicial district of New London, Docket No. 552683 (April 25, 2000, Martin, J.) (counterclaim of detrimental reliance based on erroneous information provided by bank did not arise out of same transaction). "This requirement . . . is nothing more than an application of Practice Book § 10-10 which provides that "any defendant may file counterclaims . . . provided that each such counterclaim . . . arises out of the same transaction or one of the transactions which is the subject of the plaintiff's complaint. . . ."Ocwen Federal Bank v. Stawski, supra, Superior Court, Docket No. 552683.
As this court has previously stated, DeSalvo's alleged detrimental reliance on the plaintiff's predecessor's misrepresentations about the debtor's financial status does not address the making, validity or CT Page 11205 enforcement of the mortgage or note from which the plaintiff seeks foreclosure. Therefore, the counterclaim does not arise out of the same transaction as the plaintiff's note and mortgage and is, therefore, legally insufficient as a counterclaim.
Likewise, the portion of the counterclaim which alleges that the plaintiff has failed to mitigate its damages also fails because it does not arise out of the transaction of the note and mortgage at issue in the plaintiff's foreclosure action. It is, therefore, legally insufficient. See Ocwen Federal Bank FSB v. Weinberg, Superior Court, judicial district of New London, Docket No. 547629 (August 11, 1999, Mihalakos, J.). The plaintiff's motion to strike the counterclaim is, therefore, granted.
 CONCLUSION
For the foregoing reasons, the plaintiff's motion to strike DeSalvo's special defenses and DeSalvo's counterclaim is hereby granted.
Martin, J.