[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
Plaintiff moves to strike defendant Ahmed A. Dadi's special defenses CT Page 14660 and counterclaim and his claim for a jury.
In deciding a motion to strike, the court must take the facts alleged in the complaint as true, Rowe v. Godou, 209 Conn. 273, 278 (1988), and cannot consider facts not so alleged. Liljedahl Bros, Inc. v. Grigsby,215 Conn. 345, 349 (1990)
The defenses allowed in a foreclosure action are those related to the making, validity or enforcement of the lien being foreclosed. New HavenSavings Bank v. LaPlace, 66 Conn. 1, 9 (2001), relying upon SouthbridgeAssociation v. Garafolo, 53 Conn. App. 11, cert. denied 249 Conn. 919
(1999).
Defendant's First Special Defense alleges an agreement by the plaintiff and defendant for him to pay the taxes by July 31, 2001 and plaintiff breached that agreement by starting this action on April 25, 2001. This defense relates to the enforcement of the tax lien and is a valid one.
Defendant's Second Special Defense alleges this foreclosure action was brought because of prejudice by plaintiff against him because of his ethnicity, nationality, race or religion. A bald allegation of prejudice without relating it to the violation of a specific statute or constitutional provision does not state a cause of action.
Defendant's Third Special Defense alleges defendant has been singled out because of nationality, racial or religious prejudice. For reasons stated above as to the Second Special Defense, this Third Special Defense does not state a cause of action.
Defendant's Fourth Special Defense rests upon the allegations of the Second and Third Special Defenses and alleges acts of coercion and extortion by plaintiff under the "Statute of Racketeering." Since the statute is not identified by number, as required by Practice Book §10-3, the Fourth Special Defense does not state a cause of action.
Defendant's Fifth and Sixth Special Defenses allege plaintiff's salting and snow plowing the road in front of defendant's house, and that road has a dangerous blind curve, thereby causing damage to defendant's property. They clearly are not valid defenses to this tax foreclosure action.
Defendant's First through Sixth Counterclaims essentially repeat the First through Sixth Special Defenses and can be dealt with the same as the special defenses, except the grounds for striking the Fifth and Sixth counterclaims includes that those counterclaims do not relate to the tax lien. CT Page 14661
The court rules as follows on plaintiff's Motion to Strike:
As to First Special Defense and Counterclaim, the motion is denied.
As to Second, Third, Fourth, Fifth and Sixth Special Defenses and Counterclaims, the motion is granted.
Defendant's First Counterclaim, being for breach of an agreement, entitles defendant to a jury trial on that counterclaim. The court, however, herewith orders the trial be bifurcated and the plaintiff may proceed first with the foreclosure action, and the defendant may thereafter have a jury trial on the First Counterclaim on the issues of liability and damages.
Robert Satter Judge Trial Referee