[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (Motion for Summary Judgment)
The plaintiff has filed a motion for summary judgment pursuant to Practice Book § 17-44. In the present action the plaintiff seeks the collection of amounts due and owing by the defendant under a commercial promissory note. The court takes notice that the defendant has failed to submit a memorandum of law or any opposing documentary evidence or affidavits as required by Practice Book § 17-45.
The court finds that on or about November 17, 1998, the defendant Nacca executed and delivered to the Connecticut Savings Bank, as predecessor in interest to the plaintiff First Union, a certain Demand Note/Commercial CT Page 88 Revolving Loan dated November 17, 1998 (the "Note") in the original principal amount of $100,000.00. Pursuant to the terms of said Note, Nacca agreed to pay the outstanding principal balance under the Note, on demand. In addition, Nacca agreed to pay interest on the outstanding principal balance in monthly installments commencing on December 20, 1998. Nacca also agreed to pay all costs of collection, including without limitation, reasonable attorneys' fees.
By letter dated July 19, 2000, First Union, the holder of the Note made demand upon the defendant, by letter, for all amounts due and owing under said Note. First Union also notified Nacca that "any payments made hereafter will be accepted as partial payment of the accelerated sums due made in default." The partial payments, however, would not be accepted as a cure of any breach or an accord and satisfaction under the Note. Nacca has failed and refused to pay the sums due and owing under the Note.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins.,Co., 245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski,206 Conn. 495, 500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. HertzCorp. v. Federal Ins. Corp., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. DickmontPlastics Corp., 229 Conn. 99 (1994). The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell,214 Conn. 242, 246-47 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed. Santopietro v. New Haven, 239 Conn. 207, 225 (1996).
The defendant Nacca has filed a Special Defense that alleges that the plaintiff has continued to accept payments from the defendant. The defendant does not allege that he has satisfied the plaintiffs demand for payment of all sums due and owing. The defendant also alleges as an additional Special Defense that the plaintiff is estopped from bringing this action as the plaintiff has continued to accept payments.
Under Connecticut law estoppel is predicated on proof of two essential elements: "The party against whom estoppel is claimed must do or say CT Page 89 something calculated or intended to induce another party to believe that certain facts exist and to act on that belief, and the other party must change its position in reliance on those facts, thereby incurring some injury." Connecticut National Bank v. Voog, 233 Conn. 352, 659 A.2d 172
(1995). Estoppel requires "proof of misleading conduct by one party resulting in detrimental reliance by the one claiming estoppel." Soaresv. Max Services, Inc., 42 Conn. App. 147, 170, cert. denied, 239 Conn. 915
(1996). In the instant case, Nacca has not shown any of the necessary elements of estoppel. Additionally, he was forewarned that any additional partial payments would not "cure any breach" and would not be accepted as "an accord and satisfaction under the Note."
Nacca has filed a Third Special Defense alleging that the plaintiff "has waived its right to bring this action." "Waiver is the intentional abandonment of a known right. . . ." Soares v. Max Services, Inc., supra at 175. Where there is no evidence presented that a party voluntarily relinquished a known right, a claim of waiver has no merit. SouthbridgeAssociates LLC v. Garofolo, 53 Conn. App. 11, 20 (1999). The plaintiff expressly reserved all of its rights against the defendant, including its right to commence legal action to collect all sums due and owing from the defendant, pursuant to the terms of the Note.
The defendant's Fourth Special Defense is that "the parties entered into an accord and satisfaction by way of the defendant's continuing payments. There is no evidence submitted by the defendant in opposition to the motion for summary judgment that the parties negotiated a contract of accord to settle any good faith dispute over any amounts due under the Note, nor that the plaintiff agreed to accept partial payments from the defendant Nacca, in full satisfaction of the Note. The demand letter from the plaintiff to the defendant explicitly notified the defendant that any partial payments would not be accepted as a cure of any breach or as an accord and satisfaction of the debt due under the Note.
Accordingly, the plaintiffs motion for summary judgment is hereby granted.
By the Court,
By: ARNOLD, J.