[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#118)
 FACTS
CT Page 617
The plaintiff, Aames Capital Corp., filed a complaint on December 18, 2000, seeking foreclosure of a mortgage on property owned by the defendant, Andrew Lockwood. The complaint alleges the following facts. The mortgage and promissory note were executed on June 1, 1999, and were subsequently assigned to the plaintiff on June 11, 1999. The plaintiff is the owner and holder of the note and mortgage. The defendant defaulted on his loan payment. The plaintiff notified him in writing of his default, but he failed to cure the default. As a result, the plaintiff accelerated the loan debt and brought this foreclosure action.
The defendant, pro se, filed an answer on January 22, 2001, and special defenses on March 22, 2001.[1] The defendant denies that he is in default and alleges the following facts in his special defenses. On October 30, 2000, he entered into a payment agreement with the plaintiff to bring his arrearage of $3025 current. Specifically he alleges that the agreement provided that he pay $1800 by November 3, 2000, and $1225 by November 30, 2000. He made two payments by western union wire transfer on November 3 and 30, 2000. The plaintiff did not post the second payment, which resulted in the default of his loan. The plaintiff did not respond to the defendant's telephone calls or faxes regarding his payments that should have cured his default.
On April 26, 2001, the plaintiff filed a motion to strike the defendant's special defenses, which the court, Martin, J., granted on May 14, 2001. On August 27, 2001, the plaintiff filed a motion for summary judgment on the grounds that there are no genuine issues of material fact as to the defendant's liability and that it is entitled to judgment as a matter of law. On September 17, 2001, the defendant filed an objection. The parties have filed memoranda of law, as well as affidavits and other documentary evidence in support of their respective positions.
 DISCUSSION
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted.) Witt v. St. Vincent's Medical Center, 252 Conn. 363, 368,746 A.2d 753 (2000). "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.)Serrano v. Burns, 248 Conn. 419, 424, 727 A.2d 1276 (1999).
"Although the party seeking summary judgment has the burden of showing CT Page 618 the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1 995). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." (Internal quotations marks omitted.) Pion v. SouthernNew England Telephone Co., 44 Conn. App. 657, 663, 691 A.2d 1107 (1997).
A prima facie case is established in a foreclosure action if the plaintiff is able to "prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the defendant has] defaulted on the note." Webster Bank v. Flanagan, 51 Conn. App. 733,750, 725 A.2d 975 (1999). The plaintiff argues that it is entitled to summary judgment because there is no genuine issue of material fact as to its ownership of the note and mortgage at issue and the defendant's default, and because there is no valid special defense to its foreclosure action. (Summary judgment may be granted in a foreclosure action if the mortgage is in default and the defendant's special defenses are legally insufficient.) See Southbridge Associates, LLC v. Garofalo,53 Conn. App. 11, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229
(1999).
The plaintiff submits an affidavit of Ramona L. Medina, a default loan officer, employed by the plaintiff, to prove its ownership of the note and mortgage, in the chain of assignments from the original mortgagee, One Stop Mortgage, Inc. The evidence of ownership is not disputed by the defendant and the plaintiff's ownership, is, therefore, established.
While the issue of ownership is not disputed the issue of default is; The affidavit of Medina also avers that the defendant defaulted on his monthly loan payment due on September 1, 2000, and every month thereafter. The defendant does not dispute that he defaulted on the September payments but avers in his own affidavits the same facts regarding the payment agreement alleged in his stricken defenses. He submits copies of his western union wire transfers to prove his payment. He argues that because he had cured his default and fulfilled his obligations under the payment agreement, the plaintiff had no right to accelerate and foreclose.
None of the plaintiff's complaint, affidavit, or evidence address the purported payment agreement or the defendant's payments pursuant to the agreement. In fact, the plaintiff's own evidence suggests that the defendant may have cured his default. The plaintiff submits a copy of its notice of default, termed as a "notice of rights," marked as Exhibit D in support of its motion for summary judgment. The notice, dated October 6, CT Page 619 2000, provides in relevant part: "The overdue amount is now $1347.64, and this overdue amount will increase as time passes. If you pay, no later [than] 11/06/00, the overdue amount then owing, your loan will be reinstated and the default cured." The evidence submitted by the defendant, uncontroverted by the plaintiff, shows that he wired $1800, an amount in excess of the $1347.64 arrearage, on November 3, 2000, to the plaintiff. Because the evidence shows that the defendant may have cured the default on November 3, 2000, as provided for by the plaintiff in its notice of default, there is a genuine issue of material fact as to whether the defendant had cured the default, as allowed by the plaintiff, by the date.
If the amount of arrearage was $3025 by November 30, 2000, as averred by the defendant and uncontroverted by the plaintiff, the defendant's evidence shows that he had paid this amount by his two wire transfers. The defendant avers in his affidavit that the plaintiff failed to apply his second wire transfer, in the amount of $1225 properly. He argues that if the plaintiff had properly accredited this second payment, he would not have been in default and the plaintiff would not have been entitled to accelerate his debt by bringing this foreclosure action. The defendant submits a copy of his mortgage interest statement, on an IRS 1098 form, which lists the amount of $1225 as "unapplied." This evidence tends to show that the plaintiff had received this amount, but declined to apply it to the defendant's mortgage payment.
In view of the adequacy of the defendant's evidence and the absence of any counter-evidence from the plaintiff, there is a genuine issue of material fact, then, as to whether the defendant had cured his default before the plaintiff declared acceleration and brought this foreclosure action in early December, 2000. For this reason alone, the court denies the motion for summary judgment as to liability.
 ___________________ D. Michael Hurley, Judge Trial Referee