[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #106
The plaintiff, Bankers Trust Company (BTC), as trustee of AMRESCO Residential Securities Corporation Mortgage Loan Trust, connenced this action on May 29, 2001, against the defendants, Zane R. Megos, Jr., Linda Violette, Jack Rosenblit and IBM/FIC Participation Group, seeking foreclosure of a mortgaged premises. The amended complaint alleges that the defendant, Megos, mortgaged the premises located at 32 Forest Street in Norwich to the Option One Mortgage Corporation (OOMC) on March 1, 1996, as security for a promissory note in the amount of $39,650. On September 21, 1996, OOMC assigned the note and mortgage to BTC. BTC alleges that it is the current owner of the note and mortgage by virtue of the assignment. The plaintiff further alleges that the defendant, Megos, defaulted on his mortgage payment for February 1, 2001, causing the plaintiff to institute this action.
The plaintiff argues that this action was suspended on June 6, 2001, to allow the defendant, Megos, to perform a repayment plan. To initate the plan, Megos paid the plaintiff $2,600 on June 5, 2001. The plaintiff argues, however, that Megos, thereafter, defaulted on the plan by failing to make the required payments. The plaintiff re-instituted this action on August 22, 2001.
The defendant, Megos, filed an answer, a special defense and a counterclaim on September 17, 2001. In the answer, he admits that he entered into a mortgage with OOMC and that he promised to pay OOMC the amount of the note. Megos denies that he is in default under the note. In his special defense, Megos alleges that he paid a "substantial" amount of money to the plaintiff under the repayment plan and, that in reliance on the plaintiffs representations in the repayment plan, he spent "substantial money" on improving the property. He alleges that the plaintiff failed to execute and return the forbearance agreement and kept the money he paid under the forbearance agreement, while proceeding with this action. In the counterclaim, Megos seeks restitution of $1,700 that he paid to the plaintiff and which he claims the plaintiff has wrongfully kept.
The plaintiff filed a motion for summary judgment against Megos as to liability on October 29, 2001. In support of his motion, the plaintiff filed a memorandum of law with supporting documentation which includes copies of the note, the mortgage, the assignment of the note and CT Page 3226 mortgage, the affidavit of Debra Mardi-Blezek, Assistant Secretary of OOMC, and a copy of the repayment plan. Megos filed an objection on November 7, 2001.
 DISCUSSION
Pursuant to Practice Book § 17-49, a motion for summary judgment shall be granted if "there is no genuine issue as to any material fact" and the movant "is entitled to judgment as a matter of law." Witt v. St.Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Appletonv. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000). The moving party "has the burden of showing the absence of any genuine issue [of] material facts which . ., entitle him to a judgment as a matter of law." (Citation omitted.) Id. "The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Id.
To make out a prima facie case in a foreclosure action, the plaintiff must "prove by a preponderance of the evidence that it was the owner of the note and mortgage and that [the defendant] defaulted on the note."Webster Bank v. Flanagan, 51 Conn. App. 733, 750-51, 725 A.2d 975
(1999). The plaintiff has submitted a copy of the assignment of the note and mortgage from OOMC and an affidavit in which Mardi-Blezek, Assistant Secretary of OOMC, avers that the plaintiff is the owner of the note and mortgage. The defendant does not dispute that the plaintiff is the owner of the note and mortgage. Moreover, Mardi-Blezek avers that Megos defaulted on the February 1, 2001 loan payment. Megos denies that he has defaulted but offers no evidence to show this. The mere assertion, however, of the existence of any genuine issue of material fact is not sufficient to overcome summary judgment. See Pion v. Southern New England Telephone Co., 44 Conn. App. 657, 663, 691 A.2d 1107 (1997) ("[t]o oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . ., which contradict those stated in the movant's affidavits and documents"). The plaintiff, therefore, has made out a prima facie case as to ownership and default.
The plaintiff argues that the defendant's special defense is legally insufficient. The defendant pleads a special defense, claiming that he has paid a substantial amount of the forbearance agreement. "At common law, the only defenses to an action of this character would have been payment, discharge, release or satisfaction . ., or, if there had never been a valid lien. Moreover, our courts have permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, CT Page 3227 foreclosure cannot be had. . . . Other equitable defense that our Supreme Court has recognized in foreclosure actions include unconscionability; abandonment of security; and usury." (Citations omitted; internal quotation marks omitted.) Southbridge Assoc. v. Garofalo, 53 Conn. App. 11,15, 728 A.2d 1114, cert. denied, 249 Conn. 919 (1999). "A special defense is legally insufficient if it contains allegations that are conclusory and contains no issuable facts to support it." Citicorp Mortgage v.Gibson, Superior Court, judicial district of Waterbury, Docket No. 0152248 (January 23, 2001, West, J.).
The defendant's special defense is legally insufficient. Megos claims that he paid substantial sums to satisfy the forbearance or repayment plan. His special defense, however, is a mere conclusion of law that is unsupported by any facts alleged. In fact, Megos does not allege any facts supporting his special defense. Furthermore, the plaintiff has submitted evidence that under the repayment plan, Megos was obligated to pay $2,600 to begin the plan and was obligated to make additional payments in the amount of $833.87 from June 2001 through November 2001. Mardi-Blezek, Assistant Secretary for OOMC, avers in her affidavit that after he executed the plan on June 15, 2001, Megos failed to make any further payments. Megos must have made all the payments under the repayment plan in order to have the loan reinstated. Thus, the fact that Megos paid a substantial amount under the plan does not mean that he satisfied his obligations. This allegation, without more, is legally insufficient to constitute a defense of payment or satisfaction. The special defense, therefore, fails as a matter of law.
Similarly, the plaintiff argues that the defendant's counterclaim is legally insufficient and fails as a matter of law. Pursuant to Practice Book § 10-10, a counterclaim must arise "out of the transaction or one of the transactions which is the subject of the plaintiffs complaint". This court has previously held that "[a] counterclaim brought by a defendant in a foreclosure action . . . must address the making, validity or enforcement of the note and mortgage." First NationwideMortgage Corp. v. Gooden, Superior Court, judicial district of New London, Docket No. 555982 (May 25, 2001, Mardi, J.).
The defendant's counterclaim states: "By way of this counter claim the Defendant seeks reimbursement for the payment of $1,700 wrongfully obtained from the Defendant under the terms of the forebearance agreement." The counterclaim does not arise out of the same transaction or occurrence as the plaintiffs complaint. Specifically, it does not arise out of the execution of the note and mortgage or the default. Rather, the counterclaim arises out of the execution and terms of the repayment plan. As such, it fails as a matter of law. CT Page 3228
Because the plaintiff has established a prima facie case for foreclosure, and the defendant's special defense and counterclaim both fail as a matter of law, there is no genuine issue of material fact as to the defendant's liability.
Accordingly, the plaintiffs motion for summary judgment as to liability against the defendant, Megos, is granted.
Martin J.