[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#106)
The plaintiffs motion to strike the counterclaim is granted. The defendant's counterclaim raises facts that do not pertain to the making, validity or enforcement of the note and mortgage and asserts a CUTPA violation without alleging the necessary elements to a CUTPA claim.
"A counterclaim brought by a defendant in a foreclosure action . . . must address the making, validity or enforcement of the note and mortgage."Ocwen Federal Bank. FSB v. Stawski Superior Court, judicial district of New London. Docket No. CV 00 552683 (April 25, 2000, Martin, J.); see also Southbridge Associates. LLC v. Garofalo, 53 Conn. App. 11. 15,728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229.
Regarding the defendant's CUTPA claim, he must allege that the plaintiff violated the act by asserting "that the acts complained of were performed in a `trade or business.'" Quimby v. Kimberly Clark Corp.,28 Conn. App. 660, 669, 613 A.2d 838 (1992); see General Statutes 42-110b; the defendant must also allege facts that the plaintiffs practices were either immoral, unethical, oppressive, unscrupulous, offensive to public policy or caused substantial injury to consumers. Willow SpringsCondominium Assn., Inc. v. Seventh BRT Development Corp., 245 Conn. 1. 43, 717 A.2d 77 (1998). In the present action, the defendant failed to plead facts regarding any of the above criteria, he merely asserted a violation. "A motion to strike is properly granted if the [counterclaim] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
Accordingly, the plaintiffs motion to strike the counterclaim is granted.
___________________ CT Page 13807